## KINNEY ET AL. *v.* CITIZENS WATER AND LIGHT COMPANY.

### [No. 21,367. Filed December 14, 1909.]

1. EMINENT DOMAIN.—*Power of.*—*Statutes.*—The right of eminent domain can be exercised only under a clear statutory right. p. 255.

2. EMINENT DOMAIN.— *Water-Works.*— *Electric Lights.*— Under §5123 Burns 1908, Acts 1895, p. 243, and §8941 Burns 1908, Acts 1905, p. 219, §256, water-works companies may condemn "real estate and rights of way" for the necessary use of the furnishing of water; and at the time this proceeding was filed electric lighting companies, except those organized to produce electricity by water power, under §§5074-5083 Burns 1908, Acts 1907, p. 277, did not possess such power of eminent domain. pp. 255, 259.

3. PLEADING.—*Complaint.*—*Uncertainty.*—Uncertainty, or defective statement, in a complaint does not render it bad on demurrer. p. 256.

4. APPEAL.— *Constitutional Law.*— *Avoidance of Decision on.*— Where unnecessary to a determination of a case on appeal, a constitutional question will not be decided. p. 256.

5. EMINENT DOMAIN.—*Right of.*—*Delegation of.*—The right of eminent domain inheres in the sovereign, and may be delegated, but the delegated power must be exercised strictly within the statutory limits. p. 257.

6. PLEADING.—*Complaint.*—*Conclusions.*—*Eminent Domain.*— *Land Necessary to Business of Company.*—In a proceeding by a water-works company to condemn certain land, an allegation in the complaint that such land was necessary to the conduct of such company's business, is a conclusion. p. 257.

7. WATER-WORKS.—*Eminent Domain.*— *Railroad Switch.*— Where a water-works company voluntarily chose a site for its power-house, it cannot condemn the lands of another in order to run a railroad switch to such power-house, though the effect might be

to give the company greater profits, or to furnish water at lower rates.  p. 257.

8. EMINENT DOMAIN.—*Right of Water Company to Condemn for Railroad.*—A water-works company has no power to condemn lands for the use of a railroad company.  p. 258.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Condemnation proceeding by the Citizens Water and Light Company of Greenwood against Horace E. Kinney and another.  From an interlocutory order for plaintiff, defendants appeal.  *Reversed.*

*Elba L. Branigin* and *Thomas Williams,* for appellants. *E. A. McAlpin,* for appellee.

MONTGOMERY, J.—This is an appeal from an interlocutory order overruling objections to appellee's complaint to condemn and appropriate certain lands of appellants, and appointing appraisers to assess the resulting damages.

Appellant Horace E. Kinney has assigned errors upon the overruling of each of his objections to the amended complaint, and upon the insufficiency of the evidence to justify the appointment of appraisers.

The view we entertain of the law will make it necessary for us to consider only the overruling of the first of said objections to the amended complaint.  This complaint alleged the following facts: That appellee is a corporation organized under the laws of this State for the purpose and engaged in the business of supplying the town of Greenwood and its inhabitants with water, electric light and other public conveniences; that appellant Horace E. Kinney is the owner of a particularly described tract of real estate, and that, immediately south of the same, appellee owns a tract of land upon which is situated the plant and machinery wherein electricity is generated and whereby water is pumped for the use of said town and its inhabitants; that the main track of the Louisville division of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company runs immedi-

diately east of and adjoins both of said tracts; that appellee desires to condemn and appropriate a right of way over and across all of Kinney's said real estate, to be used by it in connection with and for the purpose of its said business, and more particularly for the extension and construction of a side-track from said main track to its plant to be used in transporting freight to and from said plant; that a side-track leading from the west side of said main track to a certain grain elevator and lumber yard was constructed about twenty years ago, to be used in loading and unloading freight handled by said railway company, and ever since its construction said side-track has been so used by the proprietor of said elevator and yard; that after the construction of said side-track a flour-mill was erected on a tract of ground adjacent to said railroad and immediately south of said elevator and coal and lumber yard and north of the tract owned by appellant Kinney; that upon the completion of said flour-mill said side-track was extended past the same to the north line of the Kinney land, and ever since has been used by the proprietors of the mill in loading and unloading freight shipped over the lines of said railway company; that appellee desires and intends to extend said side-track over and across the Kinney land and a part of its own land; that said side-track as now constructed and used is a constituent, convenient and necessary part of the railway system of said company, and under its constant management and control, and open to the public for common carrier purposes; that if said side-track should be extended as contemplated appellant Kinney and all subsequent owners of said real estate and the public generally will have the right to use the same upon equal terms for the transportation of freight, and appellee will have no right or privilege connected with said side-track different from those of other persons having occasion to use the same in loading and unloading freight, and said extended track will be and become a convenient and necessary part of said railway company's railway system;

that the proposed extension of said track and the appropria-
tion of a right of way therefor are necessary for the proper
and successful operation of appellee's business and for the
transportation of coal and other commodities to and from
its said plant, and that it is now compelled to transport fuel
and other supplies more than four hundred feet by means
of teams and wagons, at great inconvenience and expense,
which would be materially reduced by the construction of
said side-track; that appellant Kinney is the owner in fee
of the real estate described, a part of which appellee seeks
to appropriate for a right of way; that prior to the com-
mencement of this proceeding appellee endeavored to pur-
chase said real estate and right of way from appellants, but
they were unable to agree upon the purchase of the same;
that Laura E. Kinney is the wife of appellant Horace E.
Kinney, and as such claims some interest in said real es-
tate.

Appellants' first objection to this complaint was that it
does not state facts sufficient to constitute a cause of action.

1. The power of eminent domain—the right to appropriate for public use the private property of the citizen against his will, has been characterized as a "very high and dangerous one," and appellee cannot exercise that power for the purpose named in this proceeding unless it is able to show clear legislative authority for so doing. *Prather* v. *Jeffersonville, etc., R. Co.* (1875), 52 Ind. 16, 36; *Allen* v. *Jones* (1874), 47 Ind. 438, 442; *Minnesota, etc., Power Co.* v. *Koochiching Co.* (1906), 97 Minn. 429, 107 N. W. 405, 5 L. R. A. (N. S.) 638; *Western Union Tel. Co.* v. *Pennsylvania R. Co.* (1903), 120 Fed. 362.

2. Water-works companies may condemn and appropriate lands "for the source of supply, the pumping stations, the settling basins, the filtering basins or tanks, the storage reservoir, the supply mains, the delivery reservoir, tank or stand-pipes, and the delivery mains, any

or all of these, and the necessary lines of pipe connecting them." Acts 1895 p. 243, §5123 Burns 1908.

At the time this action was commenced, electric lighting companies, except such as are organized to produce electricity by water-power, under Acts 1907, p. 277, §§5074-5083 Burns 1908, were not clothed with the power of eminent domain.

It is admitted by counsel that the right asserted by appellee is based upon the provisions of section 256 of the act of 1905 concerning municipal corporations (Acts 1905, p. 219, §8941 Burns 1908), which reads as follows: "Any corporation engaged in the business of providing any city or town and its inhabitants with water, sewerage, gas, electric light, heat, power or other public convenience, as provided for in the last two sections, shall have the right to acquire such real estate and rights of way, whether within or without the limits of such city or town, as may be necessary for its business, under the right of eminent domain, as fully as if the law in relation to such right were incorporated in this Act and made a part of the same."

Acts 1905, p. 219, §254, §8939 Burns 1908, which is referred to in the section just quoted, authorizes a city or town to enter into a contract with any person or corporation to furnish it and its inhabitants with water, motive power, heat or light.

Appellants' counsel criticise the averments of the complaint with reference to this subject, but if the complaint were otherwise sufficient its allegations in this connection doubtless might be treated as uncertain and defective rather than wholly wanting with respect to a material matter.

It is earnestly and ably argued that §8941, *supra,* which purports to confer the power of eminent domain upon certain private corporations, contravenes article 4, §19, of the Constitution of this State, for the reason that this section is not covered by or germane to the title

of the act. Commendable labor and ability have been employed in presenting this question, but its decision will not be necessary to a final determination of this cause, and hence, under well-settled rules, it will not be considered. *Hewitt* v. *State* (1908), 171 Ind. 283; *City of Montpelier* v. *Mills* (1908), 171 Ind. 175. The section in question, if valid, empowers appellee to acquire by condemnation proceedings only such real estate and rights of way as may be necessary for its business.

The right to take private property by the power of eminent domain rests upon the theory that all property is held subject to the right of the public to demand its use

5. when necessary for the general benefit. The power is inherent in the sovereign and may be delegated, but the delegated power can be exercised only within the strict terms of the grant. The burden therefore devolved upon appellee to show affirmatively a grant of power for the specific purpose for which it proposes to appropriate appellants' property. 15 Cyc., 567, and cases cited.

Appellee's complaint, in terms, alleges that the proposed appropriation and the side-track extension are necessary to the conduct of its business, but the allegation of such

6. necessity is manifestly a mere conclusion of the pleader. It appears from the averments of the complaint that appellee is now operating its plant and engaged in furnishing the town of Greenwood with water, electric light and other conveniences, and in the conduct of its business transports fuel and other supplies from the railroad to its plant by means of teams and wagons. Appellee voluntarily chose the location for the power plant, and if a railroad side-track con-

7. nection were indispensable or absolutely necessary to its operation, we cannot conceive that the existing site would have been selected. The facts pleaded show only that the desired track extension would

afford appellee a prudent, economical and convenient facility in connection with the carrying on of its business, which would enable it either to make greater profits or to serve its patrons at lower rates. If the statute authorized appellee to appropriate a right of way for the specific purpose declared in the complaint, the question of necessity would have been settled by the legislative grant, but here the authority delegated is to take only such rights of way as are necessary for the business. The way may not be necessary in the sense that it must be absolutely and imperatively indispensable to a continuance of the business, but assuming that a way such as that sought to be taken by appellee was within the legislative intent, its use must be made to appear at least reasonably necessary to the performance of the charter powers and public obligations of the corporation. No such necessity is here shown. *Creston Water-Works Co.* v. *McGrath* (1893), 89 Iowa 502, 56 N. W. 680; *Spring Valley Water-Works* v. *San Mateo Water-Works* (1883), 64 Cal. 123, 28 Pac. 447; *Leisse* v. *St. Louis, etc., R. Co.* (1876), 2 Mo. App. 105; *Gaines* v. *Lunsford* (1904), 120 Ga. 370, 47 S. E. 967, 102 Am. St. 109; *City of Detroit* v. *Daly* (1888), 68 Mich. 503, 37 N. W. 11; *Erie R. Co.* v. *Steward* (1901), 61 Hun, App. Div., 480, 70 N. Y. Supp. 698; *Erie R. Co.* v. *Steward* (1902), 170 N. Y. 172, 63 N. E. 118; *Pere Marquette R. Co.* v. *United States Gypsum Co.* (1908), 154 Mich. 290, 117 N. W. 733.

The way sought to be condemned over appellants' lands is plainly not for the use of appellee, but for the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, 8. and the complaint avers that the proposed track, when constructed, is to be under the control and operation of said company, and to become a constituent part of its railway system. We intimate no opinion as to the right of the railway company to condemn lands for the purpose declared in appellee's complaint, but appellee is not authorized by its charter to construct or to operate a railroad, and

it does not propose to do so, and, in our opinion, it has no power to condemn such a right of way for the use of another corporation. *Swinney* v. *Fort Wayne, etc., R. Co.* (1877), 59 Ind. 205, 219.

The legislature, by the use of the language "real estate and rights of way" in the statute herein before quoted, doubtless intended such only as may be reasonably 2. necessary to water and light companies for the construction and maintenance of their works, for the laying and maintenance of their pipe-lines, mains and conduits, and for the erection and maintenance of their poles, wires and other proper structures and appliances, and not such ways of railway communication as might become expedient and desirable because of an unfavorable location of the power plant, voluntarily chosen. If a right of way for a stub switch can be condemned by appellee for uses contemplated in this proceeding, in order to make an extension of a few hundred feet, then by parity of reasoning this power may be employed to secure a way for a connecting track of any length, since the alleged "necessity" would naturally increase with the distance to be traversed. The appropriation of a right of way for the uses and purposes declared in appellee's complaint is not within the purview of any statute of this State purporting to clothe water or light companies with the power of eminent domain, and the court erred in overruling the first objection of appellant Horace E. Kinney to the complaint.

The judgment is reversed, with directions to sustain the first objection of appellant Horace E. Kinney to the complaint.