CLINTON COAL COMPANY ET AL. *v*. CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY.

[No. 23,485.    Filed April 22, 1921.]

1. VENUE.—*Change From County.—Failure to Perfect Change.—Payment of Costs by Opposite Party.*—Where a cause has been sent to another county after an application for change of venue, the fact that the party asking the change did not perfect it, but that the opposite party paid the costs, and thereby procured the case to be sent to the named county, is not a sufficient reason for remanding the cause.  p. 468.

2. APPEAL.—*Change of Venue.—Presumption.—Good Faith.*—A motion for change will be presumed on appeal to have been filed in good faith and not merely for the purpose of delay. p. 468.

3. EMINENT DOMAIN. — *Condemnation Proceedings. — Appointment of Appraisers.—Change of Venue.—Statutes.*—After appraisers have been appointed in condemnation proceedings and have made their report, and after exceptions to that report by either party, or by both parties, have presented an issue for submission to a jury as to the amount of damages, a change of venue from the county may be taken, in view of §936 Burns 1914, Acts 1905 p. 59, §8, providing that in such cases, where proper exceptions are filed, the cause shall proceed to issue, trial and judgment as in civil actions.  p. 469.

4. EMINENT DOMAIN.—*Change of Venue from the County Prior to Appointment of Appraisers.— Regularity.— Statutes.*— As there is nothing in the statute (§§422, 424 Burns 1914, §§412, 413 R. S. 1881), as to change of venue in civil actions, ex-

pressly forbidding the granting of a change of venue from the county in proceedings for the appropriation of lands under the power of eminent domain prior to the appointment of appraisers, and in view of the provisions of the statute (§929 *et seq.* Burns 1914, Acts 1905 p. 59), governing such proceedings, as to procedure, an order granting a change of venue from the county in a condemnation proceeding made prior to the appointment of appraisers is at most merely an irregularity, and not void.  p. 469.

5.    APPEAL.—*Review.*—*Order for Change of Venue From County.* —Where, in a proceeding to appropriate land under the power of eminent domain, a change of venue on behalf of both defendants was applied for by one of them, and both acquiesced in the order granting the change almost a month before applicant filed its motion to remand the cause, and the other defendant made no objection to the change of venue or to the exercise of jurisdiction by the court to which the venue was changed, except by reserving an exception to the order appointing appraisers, made two months after the change was granted and two weeks after defendants had filed in that court their objections to the amended complaint, any error in granting the change of venue before the appointment of appraisers would not be available to defendants to reverse the judgment. p. 470.

6.    APPEAL.—*Scope of Review.*—*Matters Not Affecting Rights of Appellants.*—Appellants cannot demand the decision of a question which would not affect their rights.  p. 471.

7.    EMINENT DOMAIN.—*Harmless Error.*—*Sustaining Demurrer to Answer Raising Questions Already in Issue.*—*Statutes.*—As plaintiff in condemnation proceedings to acquire land under the power of eminent domain is required by §930, cl. 6, Burns 1914, Acts 1905 p. 59, to allege inability to agree for the purchase of such land, and such allegation must be proved, it is not error to sustain a demurrer to an objection tendering such issue, since it is not error to sustain a demurrer to an answer which only tenders an issue already fully before the court for decision.  p. 471.

8.    EMINENT DOMAIN.—*Unauthorized Objection to Proceeding Sustaining Demurrer.*—*Statutes.*—In view of §933 Burns 1914, Acts 1905 p. 59, providing that in a proceedings to appropriate land under the power of eminent domain no pleadings other than the complaint and a statement of objections for causes specified in the statute shall be allowed, the sustaining of a demurrer to a purported objection based upon a ground not specified by the statute is not available error on appeal. p. 473.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by the Chicago and Eastern Illinois Railroad Company, by its receiver, against the Clinton Coal Company and others. From the judgment rendered, the defendants appeal. *Affirmed.*

*Homer B. Aikman, Conley & Conley, McNutt, Wallace & Randel* and *Orion B. Harris,* for appellants.

*Amis & Zell* and *Beasley, Douthitt, Crawford & Beasley,* for appellee.

EWBANK, J.—This was a proceeding in the name and on behalf of the appellee railroad company, by a receiver appointed by the United States District Court, brought under authority of an order of that court, to appropriate for railroad purposes certain lands in Vermillion county, Indiana, to which the appellant coal company had title, but in which its coappellant had an interest by virtue of a contract. An instrument of appropriation for that purpose was filed in the Vermillion Circuit Court on November 9, 1917.

After three continuances, on the second day before the case had been finally set for hearing, the defendant (appellant) coal company filed a motion and affidavit for a change of venue from the county on the alleged ground of local prejudice. The motion was sustained, and the cause was ordered venued to the Vigo Superior Court, and fifteen days were allowed to perfect the change.

Five days later a transcript was filed in the Vigo Superior Court, which thereafter set the cause for hearing, and, a demurrer being filed, reset it for hearing on the demurrer. The next day after the second date thus fixed for a hearing in the Vigo Superior Court, being twenty-nine days after the motion for a change of venue was filed by the coal company, that company filed its motion to remand the cause for the alleged reasons:

(1) No change of venue in a proceeding to obtain the appointment of appraisers in a condemnation proceeding is authorized by law, and that the court of the county in which the land lies has exclusive jurisdiction; and (2) that the defendant did not perfect the change, but that the plaintiff (appellee) paid the costs thereof to the clerk of the Vermillion Circuit Court, and thereby procured the cause to be sent to the Vigo Superior Court.

1. That the second alleged reason for remanding the case is not sufficient has been heretofore decided by this court. *Michigan Mut. Life Ins. Co.* v. *Naugle* (1891), 130 Ind. 79, 82, 29 N. E. 393.

2. No question is here presented as to the right and power of a party who has filed a motion for a change of venue from the county, upon learning where the cause will be sent and feeling dissatisfied with the county or the court designated in the order, promptly to withdraw, in open court, his motion and affidavit, and permit the cause to proceed in the court in which it is pending. No such state of facts is here presented. It does not appear that the coal company ever sought to withdraw its motion. But only after the time allowed for perfecting the change, and two weeks additional had elapsed, and after the matter had been twice set for hearing in the court to which the cause was transferred, did appellant present an objection to such transfer. We must presume that the motion for a change of venue was filed in good faith, and not merely for purposes of delay. *Michigan Mut. Life Ins. Co.* v. *Naugle, supra; Gemmill* v. *Brown* (1900), 25 Ind. App. 6, 11, 56 N. E. 691. And if a party, in good faith, desires a change of venue, and adheres to that wish after the court has decided where the cause will be sent, and takes no steps to have the order granting such change of venue set aside, he cannot be harmed

by the mere fact that his adversary's money, instead of his own, pays the cost of the change.

The first proposition—that the law does not provide for a change of venue in such a proceeding before the appraisers are appointed—is insisted upon by both the appellants. And they rely upon the established rule that, when the law does not permit a court to exercise jurisdiction over the subject-matter of an action, its lack of jurisdiction must defeat the action in that court at whatever time or in whatever manner the question is presented. Counsel for appellants admit that after the appraisers have been appointed and have made their report, and after exceptions to that report by either party or by both parties have presented an issue for submission to a jury as to the amount of the damages, a change of venue from the county may be taken. Such is the established practice, the statute expressly providing that in such cases, where proper exceptions are filed, "the cause shall further proceed to issue, trial and judgment as in civil actions." §936 Burns 1914, Acts 1905 p. 59, §8.

But counsel insist that this is a special statutory proceeding, and that no such change of venue could lawfully be taken before the appraisers were appointed, no issue for trial by a jury having yet been formed. Another section of the statute under which the trial court acted in appointing appraisers, being the section under the express provisions of which this appeal was taken, provides that if the trial court shall decide in favor of the petitioner in such a proceeding, and shall appoint appraisers, an appeal to the Supreme or Appellate Court may be taken "as and in the manner that appeals are taken  *  *  *  in civil actions," and that if it shall decide against the petitioner, and refuse to appoint appraisers, the plaintiff "may appeal  *  *  *  as and in the manner that ap-

peals are taken from final judgments in civil actions."
§933 Burns 1914, Acts 1905 p. 59, §5. It will
thus be seen that the statute for the appropriation of
lands under the power of eminent domain, under which
this action was brought and prosecuted, expressly re-
fers to the law of procedure in civil actions as
determining the procedure at three different stages in
this action. And since the general statute enacts that
upon a proper showing by affidavit the venue of "any
civil action" shall be changed to another county (§§422,
424 Burns 1914, §§412, 413 R. S. 1881), and there is
nothing in this statute expressly forbidding such a
change to be taken before the appraisers were ap-
pointed, an order granting a change of venue from the
county at that early stage of the proceeding, even if
erroneous, would be only an irregularity, and would not
be void.

And since the change of venue was applied for in this
case on behalf of the appellants, who were the defend-
ants below, by a motion of the coal company, and
both appellants acquiesced in the order granting
the change for almost a month before that com-
pany filed its motion to remand the case, and the other
appellant did not, in any way, object or except to the
change of venue, or to the exercise of jurisdiction by
the Vigo Superior Court otherwise than by reserving
an exception to the order appointing appraisers, made
two months after the change of venue was granted and
two weeks after appellants had filed in that court their
objections to the amended complaint, any error in grant-
ing the change of venue too early in the proceeding
would not be available on their behalf to reverse the
judgment, even if it should be true that an error was
committed. Therefore we do not find it necessary to
decide, and do not decide, whether or not granting a
change of venue from the county before the appraisers

were appointed was irregular and erroneous, or was proper and within the provisions of the statute.

6. Appellants cannot demand the decision of a question which would not affect their own rights, whichever way it might be decided.

The appellants each filed certain objections "to the complaint," to which demurrers were sustained, and each appellant excepted. And sustaining these

7. demurrers to each of the objections numbered 11, 12, 13, 14, and 23 is assigned as error. Objection No. 11 which contains the substance of each of these objections thus held to be insufficient on demurrer, reads as follows: "Each of the defendants says that the plaintiff did not make an effort to purchase of the defendants, or either of them, for the use intended, the lands, right of way and easement described in the amended complaint, as sought to be condemned, before the filing of the complaint herein." The statute commands that the complaint shall allege, among other things, "that such plaintiff has been unable to agree for the purchase of such lands or interest therein or other property or right with such owner." §930 Burns 1914, Acts 1905 p. 59, §2, cl. 6.

The plaintiff is required to prove the facts which the statute requires to be alleged in its complaint, before appraisers will be appointed, without any answer of denial being filed. *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511, 523, 524, 76 N. E. 961, 77 N. E. 744, 9 Ann. Cas. 587; *Westport Stone Co.* v. *Thomas* (1911), 175 Ind. 319, 329, 94 N. E. 406, 35 L. R. A. (N. S.) 646; *Miller* v. *Southern Ind. Power Co.* (1916), 184 Ind. 370, 372, 111 N. E. 308. "Any defendant may object to such proceedings on the ground that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain, for the use sought, or

for any other reason disclosed in the complaint or set up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; *and no pleadings other than the complaint and such statement of objections shall be allowed in such cause* (Our italics), except the answer provided for in §8 of this act: Provided, that amendments to pleadings may be made upon leave of court." §933 Burns 1914, *supra.*

Section 8, so referred to, provides for the filing of written exceptions to the assessment of benefits or damages as made by the appraisers after their appointment. §936 Burns 1914, *supra.*

The objections filed by appellants, as above set out, to which demurrers were sustained, did not challenge the jurisdiction of the court over the subject-matter or the persons, nor the right of plaintiff to exercise the power of eminent domain, for the use sought or generally. But they amounted only to special denials of one material allegation of the complaint which the plaintiff was bound to establish by proof without any answer being filed, and they were obviously within the provision of the statute that no other pleadings shall be filed before the appointment of the appraisers, except such as challenge the jurisdiction of the court, or plaintiff's right to exercise the power of eminent domain. It is not error to sustain a demurrer to an answer which only tenders an issue that is already fully before the court for decision without it. *Boxell* v. *Bright Nat. Bank* (1916), 184 Ind. 631, 634, 112 N. E. 3; *Cleveland, etc., R. Co.* v. *Simpson* (1914), 182 Ind. 693, 703, 104 N. E. 301, 108 N. E. 9; *Lehman* v. *City of Goshen* (1912), 178 Ind. 54, 60, 98 N. E. 1, 98 N. E. 710.

And sustaining a demurrer to a pleading which the statute commanded appellants not to file could not con-

stitute available error.	The demurrers to ap-
8. pellants' objections numbered 11, 12, 13, 14 and
23 were properly sustained.

Other errors were assigned, but appellants have
waived them by failing to support such assignments
either by argument or the citations of authorities.

The judgment is affirmed..

Townsend, J., absent.