Sisters of Providence *v.* Lower Vein Coal Co.—198 Ind. 645.

finding that he did not maintain nor assist to maintain a room and place where intoxicating liquors "were kept" for sale and delivery in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage. One who maintained or assisted to maintain such a place need not necessarily have had the liquor in his own possession which was sold to or drunk by the persons who resorted there for unlawful purposes.

The judgment is affirmed.

---

SISTERS OF PROVIDENCE OF ST. MARY'S OF THE WOODS *v.* LOWER VEIN COAL COMPANY.

[No. 24,216.   Filed December 22, 1926.]

1. EMINENT DOMAIN.—A circuit court has jurisdiction of an eminent domain proceeding to appropriate land in the county (§§1376, 7681 Burns 1926).   p. 650.

2. EMINENT DOMAIN.—*Complaint to appropriate right of way for lateral railroad held sufficient.*—Complaint held sufficient to show right to exercise power of eminent domain to acquire a right of way for which to construct a lateral railroad connecting with another railroad under the provisions of §13218 Burns 1926, §5398 Burns 1914.   p. 653.

3. RAILROADS.—*Statute authorizing appropriation of land for purpose of building lateral railroad constitutional.*—The statute authorizing the owners of coal mines and other industrial establishments to appropriate land for the purpose of constructing a lateral railroad connecting with another railroad (§13218 *et seq.* Burns 1926, §5398 *et seq.* Burns 1914), in so far as it confers the power of eminent domain, is constitutional.   p. 653.

4. RAILROADS.—*Validity of procedural portion of statute authorizing appropriation of land for lateral railroad unimportant, as procedure is governed by eminent domain statute.*—In proceedings for the appropriation of a right of way for a lateral railroad under §13218 *et seq.* Burns 1926, the validity of the portions of the statute regulating the procedure is unimportant, as the procedure is now governed by the eminent domain act of 1905 (Acts 1905 p. 59, §§7680-7691 Burns 1926).   p. 653.

5. EMINENT DOMAIN.—Eminent domain act of 1905 (Acts 1905 p. 59, §§7680-7691 Burns 1926) is constitutional.   p. 653.

6. EMINENT DOMAIN.—*Notice required by eminent domain statute sufficient to give court jurisdiction.*—The notice to landowners required by the eminent domain statute (Acts 1905 p. 59, §§7680-7691 Burns 1926), in the form of a summons, but requiring them to appear on a day fixed and show cause why their property should not be condemned, is sufficient to give the court jurisdiction.   p. 653.

7. CONSTITUTIONAL LAW.—*Notice required to constitute due process of law.*—The Constitution does not require formal notice of each step in a, proceeding, but only reasonable notice, of such character as the legislature may prescribe so long as it affords a reasonable opportunity to be heard before the matter is finally determined.   p. 653.

8. EMINENT DOMAIN.—*Appraisement of property to be taken does not deprive owner of any property.*—Since the state has the right, at all times, to take private property on making compensation therefor,. merely fixing the price at which it may be taken does not deprive the owner of any property so long as it is left in his undisturbed possession and control.   p. 654.

9. RAILROADS.—*Exact connecting point with other railroad need not be alleged in complaint to condemn right of way for lateral railroad.*—A complaint to condemn land for a lateral railroad under §13218 Burns 1926 need not allege that the exact point where such road will connect with the line of railroad from which it is to run has been agreed upon or has been determined in the manner provided by the statute (§13221 Burns 1926). p. 655.

10. RAILROADS.—*Deviation from straight course of proposed lateral railroad does not affect right to appropriate intervening lands.*—That the route adopted for a proposed lateral railroad deviates from a straight course so as to cross lands not on a direct line between its termini does not affect the right to appropriate them as "intervening lands" within the meaning of the statute (§13218 Burns 1926).   p. 655.

11. RAILROADS.—*Acquisition of right of way over all other land to be crossed by lateral railroad not. prerequisite to condemnation proceeding.*—The fact that a coal company that seeks to condemn a right of way over certain land for a lateral railroad under §13218 *et seq.* Burns 1926 has not acquired all the intervening property needed to complete the track and connect it with the main line of railroad is not available to the defendant, as no particular order of succession is necessary in acquiring the different tracts to be crossed.   p. 655.

12. RAILROADS.—*Public character of lateral railroad, how shown.*—The public character of a proposed lateral railroad is sufficiently established where the instrument of appropriation

Sisters of Providence *v.* Lower Vein Coal Co.—198 Ind. 645.

pledges that the track shall be connected with the main line of an existing railroad so as to form part of its railroad facilities and be used in the service of the public.   p. 655.

13.   RAILROADS.—*Allegation in exception to a petition to appropriate land for a right of way for a lateral railroad, held not to be an averment that the road proposed to violate the Hepburn Act as amended.*—In a proceeding by the owner of a coal mine under §13218 Burns 1926 to appropriate land for a right of way for a lateral railroad from its mine to a railroad, an allegation in an exception that the petitioner intended, by itself and another corporation as its agent, to transport coal from its mine over the proposed railroad and connecting lines to points outside the state by continuous voyage "under consignment" was not an averment that it would transport over the proposed road its own coal in violation of the Hepburn Act as amended (§8563 U. S. Comp. Stat. 1918).   p. 656.

14.   EMINENT DOMAIN.—*Appropriation of land for lawful use cannot be defeated by charging secret intent to violate irrelevant criminal statute.*—Where a corporation having the right to appropriate land for a lawful use is seeking to do so by a petition which avers an intent to so use it, the action cannot be defeated by merely charging a secret intention to violate a criminal statute in no way connected with the subject of making such appropriation.   p. 656.

15.   RAILROADS.—*Time of filing certificate of ownership of industry seeking to construct lateral railroad.*—The statute authorizing the construction of lateral railroads which requires the filing of a certificate showing the name or names of the owners of the coal mine or industrial institution that desires to construct the road, the termini and length of the road (§13224 Burns 1926) does not require that it shall be filed before the proceeding to appropriate a right of way is commenced.   p. 657.

16.   RAILROADS.—*Failure to file certificate of ownership of industry seeking to build lateral railroad, as required by statute, would be matter in abatement only.*—The failure to file a certificate of ownership of the industry seeking to construct a lateral railroad required by §13224 Burns 1926 at the proper time would be matter in abatement, to be pleaded under oath before joining issue in bar, and could not be pleaded along with issues in bar of a proceeding to appropriate a right of way for such railroad, and such pleading would not state a defense to such proceeding.   p. 657.

17.   EMINENT DOMAIN.—*Allegation that plaintiff was condemning land for the use and benefit of another company did not state a defense.*—In a proceeding to appropriate a right of way for a lateral railroad, an allegation in an exception by the

648 SUPREME COURT OF INDIANA,

Sisters of Providence *v.* Lower Vein Coal Co.—198 Ind. 645.

defendant that the petitioner was condemning the land for the benefit of the railroad with which the lateral railroad was to connect, without stating issuable facts susceptible of proof or disproof, did not state a defense (*Swinney* v. *Ft. Wayne, etc., R. Co.*, 59 Ind. 205, distinguished). p. 658.

18. EMINENT DOMAIN.—*Collateral issue cannot be raised by pleading conclusions.*—Where it clearly appears, without dispute, that plaintiff has the power to appropriate land on its own behalf, and there is nothing to indicate that it cannot be compelled to perform the public duties undertaken by it incident to exercising the power of eminent domain, one whose property is sought to be taken cannot raise a collateral issue with reference to its secret intention by alleging a mere conclusion as to what that intention is. p. 658.

19. EMINENT DOMAIN.—*Defense that plaintiff will apply property appropriated to different use not allowed.*—It is not competent to allege, in defense of a proceeding to condemn property under the power of eminent domain, that plaintiff will apply it to a use different from that for which it was appropriated (*Swinney,* v. *Ft. Wayne, etc., R. Co.*, 59 Ind. 205, distinguished). p. 658.

20. RAILROADS.—*Questions that may not be raised in proceeding to appropriate right of way for lateral railroad.*—In a proceeding to appropriate land for the right of way of a lateral railroad under §13218 *et seq.* Burns 1926, the defendant cannot take issue on the questions whether the route chosen by the plaintiff is unnecessarily long and deviates more than necessary from a straight line or whether a better route might be selected that would not pass over defendant's land. p. 659.

21. RAILROADS.—*Power to locate lateral railroad cannot be restricted or controlled by the courts.*—The power given by §13218 Burns 1926 to the owner of a coal mine or other industry to "survey, mark and lay out" a route for a proposed lateral railroad from its mine or industrial establishment to an existing railroad is not subject to restriction or control by the courts. p. 659.

22. RAILROADS.—*Proof of necessity of taking designated land for right of way for lateral railroad.*—The necessity for taking the strip of land designated in plaintiff's complaint for the appropriation of a right of way for a lateral railroad under §13218 Burns 1926 is sufficiently proved by evidence that the proposed route, as located in a reasonably direct line, extends across such land. p. 659.

23. RAILROADS.—The statute authorizing the construction of a lateral railroad to connect with an existing railroad (§13218

NOVEMBER TERM, 1926.           649

Sisters of Providence *v.* Lower Vein Coal Co.—198 Ind. 645.

*et seq.* Burns 1926) must be construed in connection with the general railroad law.   p. 660.

24.   RAILROADS.—*Rights of owner of interurban railroad crossed by proposed lateral railroad not considered in proceeding to condemn other land for right of way for the lateral.*—The owner of an interurban railway which will be crossed by a proposed lateral railroad, authorized by §13218 Burns 1926, is merely the owner of "intervening land," and it is not necessary, in a proceeding to condemn other lands for the right of way, to make any proof concerning the ownership or value of the interurban right of way.   p. 660.

25.   RAILROADS.—*Benefits by construction of lateral railroad not considered in estimating damages under eminent domain statute.*—Since proceedings to appropriate land for a right of way for a lateral railroad under §13218 *et seq.* Burns 1926 are to be conducted under the eminent domain statute (§§7680-7691 Burns 1926), benefits to defendant landowner's land by the construction of such road are not to be considered or estimated.   p. 660.

26.   CONSTITUTIONAL LAW.—*Appropriation of right of way for lateral railroad not denial of equal protection of the law.*— The statute authorizing the appropriation of land for the right of way of a lateral railroad (§13218 *et seq.* Burns 1926) is not unconstitutional as denying the equal protection of the law as against the owner of a coal mine that seeks to condemn such right of way.   p. 661.

27.   PLEADING.—*Sustaining demurrer to defendant's pleading denying facts which plaintiff must prove not error.*—Sustaining a demurrer to defendant's pleading which merely denied the existence of facts that plaintiff was bound to prove had the defense not been pleaded is not reversible error.   p. 661.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Proceeding by the Lower Vein Coal Company to appropriate a right of way for a lateral railroad from its mine to an existing railroad across lands of the Sisters of Providence of St. Mary's of the Woods.   From an interlocutory order appointing appraisers to assess damages, the defendant appeals.   *Affirmed.*

*Thomas F. O'Mara* and *Clay A. Phillips,* for appellant.
*Beasley, Douthitt, Crawford & Beasley,* for appellee.

EWBANK, J.—This is an appeal from an interlocutory order appointing appraisers to assess damages for the appropriation of a railroad right of way across certain lands belonging to appellant, not far from Terre Haute. Overruling each of certain objections by which the jurisdiction of the court is attacked and the sufficiency of the complaint is questioned, and sustaining demurrers to each of certain objections pleaded by way of affirmative answers to the complaint are assigned as error. The sufficiency of the evidence to sustain the finding in each of certain particulars is also challenged. There are eighty-four specifications in the assignment of errors, presenting a number of questions for decision. The Vigo Circuit Court has jurisdiction of the subject-matter of appropriating land in Vigo county under the power of eminent domain. §§930, 1433 Burns 1914, ch. 48, Acts 1905 p. 60, §2, §1314 R. S. 1881. The certificate filed with the county recorder was subscribed and sworn to by the president and secretary of petitioner company (appellee), and alleged that petitioner is a duly organized corporation of Indiana, and is the owner by leasehold contract of the "number 5" seam of coal in and under certain described tracts of land in sections 25, 26 and 36, township 13 north, range 10 west, in Fayette township, Vigo county, Indiana; that the Cleveland, Cincinnati, Chicago and St. Louis Railway Company owns and operates a steam railroad through sections 1 and 2 in the adjoining township next south; that appellee has determined and intends to, and as soon as the right of way can be obtained by it will build and construct a lateral railroad connected with the railroad of said company from a point (definitely indicated and described) in said railroad, which proposed lateral railroad "will extend therefrom in an easterly and northerly direction and terminate at (a point described in petitioner's leased

lands), and that the length of said proposed lateral railroad is 8,000 feet. That said lateral railroad will carry and transport said coal from said mine and will be operated as a common carrier of persons and property, and will be devoted to the public use. In witness whereof the undersigned Lower Vein Coal Company has caused this instrument to be executed by its president, attested by its secretary, and has caused its corporate seal to be hereunto affixed."

The complaint alleged that plaintiff (appellee) is incorporated under the manufacturing and mining statute of Indiana, is engaged in the business of mining coal in Vigo county, Indiana, operates two coal mines and employs 500 men; that defendant (appellant) is a corporation and owns certain described lands in said section 1 through which the railroad runs; that plaintiff is the owner by leasehold of the "number 5" seam of coal underlying 550 acres in said sections 25, 26 and 36, leased to it for mining purposes by the owners, and is under contract to begin mining the coal therefrom; that another seam of coal lies beneath the number 5 seam on plaintiff's said leasehold lands and adjoining acreage; that millions of tons of coal is available for transportation if the existing railway is only connected up with the place where a coal mine can be sunk on plaintiff's said lands, but at present there are no means of transporting coal, farm products, property or passengers from said territory to any line of railroad; that the railroad of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company runs through the said townships and the city of Terre Haute, and at points named connects with other lines of railroad running to all parts of the United States, over which said coal and other products can be carried if said lateral railroad is built; that plaintiff desires and intends to build a lateral railroad not exceeding ten miles in length, extending

from a designated point on said existing railroad to another described point in plaintiff's leasehold property, where it alleges plaintiff has the right to and will sink a shaft, erect buildings and develop a coal mine, and connect the same with the railroad tracks, and will build such railroad to carry, ship and transport coal from said mine, and also passengers and property and commodities of all kinds which the public may desire to ship thereon, and will operate such railroad as a common carrier and devote it to the public use; that defendant's said lands intervene between the points of beginning and termination of the railroad, and it will pass over and across them, and across the right of way of the Terre Haute, Indianapolis and Eastern Traction Company and of said Cleveland, Cincinnati, Chicago and St. Louis Railway Company; that a survey has been made as shown by a blue print attached; that in order to build the proposed railroad it is necessary to construct it across defendant's said lands, and plaintiff seeks to condemn the right of way over and across them for that purpose; the exact points of beginning and termination and the course of the proposed right of way across defendant's lands, and the specific portion of defendant's lands sought to be taken are then described; that the tract sought to be condemned is necessary for the use of plaintiff in order to build and maintain the lateral railroad, and will be used for that purpose; that plaintiff seeks to acquire only a right of way and not the fee of the land taken; that plaintiff made an effort to agree with defendant for the purchase of the right of way, but was unable to do so; that defendant was offered but refused to accept a reasonable sum of money for the land sought to be acquired, including compensation for damage to the remaining property.

These averments sufficiently showed that plaintiff was the owner of a coal mine and desired to construct

a lateral railroad not exceeding ten miles in length from it to connect with another railroad, so as to come within the provisions of §13218 Burns 1926, Acts 1869 p. 97, §1, assuming to confer the power of eminent domain upon such owners for that purpose. But appellant insists that this statute is unconstitutional. Its constitutionality so far as it confers the power of eminent domain has been upheld by this court as against attacks for many alleged reasons. *Westport Stone Co.* v. *Thomas* (1911), 175 Ind. 319, 35 L. R. A. (N. S.) 646. And while appellant suggests objections to the validity of certain portions of the act so far as it undertook to regulate the procedure by which the power of eminent domain for the purpose of building a lateral railroad was to be exercised, not passed upon in making the decision cited, we do not deem it necessary to consider them. The procedure in the case at bar is governed by §§7680-7691 Burns 1926, §§929-936 Burns 1914, (Acts 1905 p. 59, §§1-8), and not by the provisions of the act of 1869 which are called in question. That the act of 1905 is constitutional has been decided a number of times. *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511, 529, 76 N. E. 961; *Vandalia Coal Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 144, 152, 79 N. E. 1082; *Smith* v. *Cleveland, etc., R. Co.* (1907), 170 Ind. 382, 399, 81 N. E. 501; *Bemis* v. *Guirl Drainage Co.* (1914), 182 Ind. 36, 48, 105 N. E. 496; *Schnull* v. *Indianapolis, etc., R. Co.* (1921), 190 Ind. 572, 575, 131 N. E. 51.

The latter statute provides that the notice in a condemnation suit shall "require the defendants to appear on a day to be fixed by the plaintiff by indorsement on the complaint, and show cause why the property should not be condemned as prayed for in the complaint (and) in all other particulars the notice must be in the form of a summons in civil actions."

654    SUPREME COURT OF INDIANA,

Sisters of Providence *v.* Lower Vein Coal Co.—198 Ind. 645.

§7682 Burns 1926, *supra.* The notice or summons served in this case was in strict conformity with that provision, and appellant entered a full appearance and contested the action. A notice "in the form of a summons in a civil action" which also required the defendant "to appear on a day fixed and show cause why the property should not be condemned as prayed for" was sufficient to give the court jurisdiction. The constitution does not require formal notice of each step in a proceeding, but only reasonable notice, of such character as the legislature may prescribe, so long as it affords a reasonable opportunity to be heard before the matter is finally determined. *Falender* v. *Atkins* (1917), 186 Ind. 455, 460, 114 N. E. 965; *St. Joseph* v. *Geiwitz* (1899), 148 Mo. 210, 215, 49 S. W. 1000. And having obtained jurisdiction of the defendant by the service of a summons and notice, the court may retain jurisdiction until final judgment, even though there is no express statutory provision for giving notice of subsequent steps in the proceeding.

The statute expressly requires the damages assessed by the appraisers to be paid or tendered before possession is taken of the property appropriated, and

8. provides that unless they are paid within one year after the amount is fixed, all rights under the condemnation proceeding shall be forfeited. §§7686, 7689 Burns 1926, §§936, 938 Burns 1914, Acts 1905 p. 59, §§8, 10. And since the state has at all times the right to take the property of a private owner upon making compensation, merely fixing the price at which it may be taken does not deprive him of any property previously owned, so long as it is left in his undisturbed possession and control.

The statute does not require that the complaint in such an action shall allege nor the evidence prove that the exact point where the lateral road will connect with

NOVEMBER TERM, 1926.        655

Sisters of Providence *v.* Lower Vein Coal Co.—198 Ind. 645.

the line of railroad from which it is to run has been agreed upon, or has been already determined by the procedure therein provided. §§13220, 13221 Burns 1926, §§3990, 3991 R. S. 1881. But the complaint in this case does specifically allege the exact location of the southern terminus or connection with the other railroad, and the evidence sufficiently proved that it had been fixed by the engineers of that railroad.

Lines drawn from each side of plaintiff's 550-acre tract of land directly toward the railroad with which the lateral road is to connect, at right angles with such railroad, would embrace the tract sought to be condemned. So would lines drawn directly south from each side of that tract to the railroad. But because the route chosen by plaintiff runs northeastwardly to the junction of two little streams, and then turns almost directly north, up the valley of one of them, appellant insists that lands crossed in the northeastwardly course are not "intervening lands," and cannot be appropriated. But the statute expressly authorizes the owners of a coal mine to "locate" a lateral railroad "on, over, through or under any intervening lands," and to "survey, mark and lay out a route for said proposed lateral railroad." And where lands sought to be appropriated intervene between the termini upon the route adopted, the mere fact that such route deviates from a straight course, so that it crosses lands not on a direct line between the termini does not affect the right to appropriate them as "intervening lands."

Appellant points out that there was neither allegation nor proof that a right of way had been obtained over other lands crossed by the route of the proposed lateral railroad, and also insists that because plaintiff is not shown to be chargeable with the duty to furnish freight cars for the use of other shippers, the proposed railroad would not be open to

use by the public. But the fact that plaintiff had not yet acquired all the intervening property needed to complete the track and connect it with the main line was not available as an objection to the condemnation of appellant's property. It is not necessary that any particular order of succession be followed in acquiring the different tracts to be crossed. And the public character of the proposed lateral road is sufficiently established by the fact that by its instrument of appropriation the petitioner has pledged that the track shall be connected with the main line of an existing railroad, so as to form part of its railroad facilities, and be used in the service of the public. *Bedford Quarries Co.* v. *Chicago, etc., R. Co.* (1911), 175 Ind. 303, 306, 311, 94 N. E. 326; *Westport Stone Co.* v. *Thomas, supra.*

Appellant's exception No. 48 alleged that the petitioner intended, by itself and by another corporation doing business in Terre Haute, acting as its agent, to transport coal from its mine over the proposed lateral railroad and connecting lines to points outside of the State of Indiana, by continuous voyage in interstate commerce "under consignment," in violation of the laws of the United States. This did not amount to an averment that the coal mined by petitioner and transported by it over the proposed lateral railroad would be so transported in interstate commerce over such lateral railroad while still remaining petitioner's property, in violation of the Hepburn Act (34 Stat. at L. 585, ch. 359, as amended 41 Stat. at L. 474). Any coal transported from the mine to Terre Haute or to other points within the State of Indiana would not be carried in interstate commerce. And any sold to persons outside the state and delivered to a common carrier consigned to such purchasers, or sold and delivered to another corporation in Terre Haute, and by it sold and shipped to purchasers outside the state, would not fall

within the provisions of the United States statute. *United States* v. *Delaware, etc., Co.* (1909), 213 U. S. 366, 29 Sup. Ct. 527, 53 L. Ed. 366; *Delaware, etc., R. Co.* v. *United States* (1913), 231 U. S. 363, 34 Sup. Ct. 65, 58 L. Ed. 269. And where a corporation, having the right to appropriate land for a lawful use, is seeking to do so by a petition which avers an intent so to use it, the action cannot be defeated by merely charging a secret intention to violate a criminal statute in no way connected with the subject of making such appropriation. It is only because of acts or omissions in violation of law that a plaintiff can be denied the enjoyment and enforcement of rights which the law has given him. Mere suspicion that if permitted the enjoyment of such rights, the plaintiff may use them to commit crimes and otherwise violate the law is not sufficient cause for denying relief. The exception did not charge fraud, for it alleged no facts constituting fraud. It merely alleged a future intent, and was insufficient for the reasons stated.

The record shows that the complaint in this case was filed in the clerk's office March 14, that a summons containing the statutory notice was issued and served, returnable March 28, and that the certificate above set out as having been filed in the recorder's office was filed on July 26, and on August 1, of the same year (1922), the cause was submitted for trial on the issue whether or not appraisers should be appointed. The statute which provides for filing such a certificate does not command that it shall be filed before the action to appropriate lands for a right of way is commenced. If it could be construed to require such prior filing, we think the fact that a certificate had not been filed in time would be matter in abatement, to be pleaded under oath before joining issue in bar. The mere unsworn allegation in one paragraph of a

series of exceptions in bar, filed at the same time, that such a certificate had not been filed before the suit was commenced, did not state a cause of defense. See *Southern Ind. R. Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 360, 372, 81 N. E. 65; *Cleveland, etc., R. Co.* v. *Hadley* (1913), 179 Ind. 429, 438, 101 N. E. 473.

An allegation by way of an exception that plaintiff is condemning the right of way for the use and benefit of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, with whose railroad it will connect, without stating any issuable facts susceptible of being proved or disproved by evidence, does not state a cause of defense to the action. Where it clearly appears, without dispute, that plaintiff has the power to appropriate land on its own behalf, and there is nothing to indicate that it cannot be compelled to perform the public duties undertaken by it as an incident of exercising the power of eminent domain and building a lateral railroad, one whose property is sought to be taken cannot raise a collateral issue with reference to its secret future intention by alleging a mere conclusion as to what that intention is. There are statutes which expressly authorize one railroad company to transfer to another by sale, lease or operating contract, its railroad property and the obligation to perform its duty to the public by operating such property. And a mere charge that plaintiff contemplates doing at some future time what it is expressly authorized by law to do and what, if done, would not affect defendant, does not state a cause of defense. It is not competent to allege in defense of a proceeding to condemn property under the power of eminent domain that plaintiff will apply it to a use different from that for which it was appropriated. *Richland School Tp.* v. *Overmyer* (1905), 164 Ind. 382, 387, 73 N. E. 811. If plaintiff did not have the right of condemnation on its own be-

half, of course, it could not appropriate a right of way for the use of another corporation. *Kinney* v. *Citizens Water, etc., Co.* (1909), 173 Ind. 252, 259, 90 N. E. 129. The case of *Swinney* v. *Ft. Wayne, etc., R. Co.* (1877), 59 Ind. 205, was decided under another statute and a different state of facts. And, without undertaking to say whether or not it was correctly decided under the general law for the appropriation of land by railroads then in force, as applied to the facts of that case, nor whether anything therein said by the court could be understood in a sense inconsistent with the decision in the instant case, we hold that case is not controlling as applied to the facts and the law now under consideration.

Since the statute gives plaintiff discretionary power to determine and locate the route of its lateral railroad, the defendant cannot take issue on the question 20-22. whether or not the route chosen is unnecessarily long and deviates more than is necessary from a straight line, or whether a better route might be selected that would not pass over defendant's land. The statutory power to "survey, mark and lay out a route for said proposed railroad" (§13218 Burns 1926, *supra*) is not subject to restriction or control by the courts. Cases which have construed statutes authorizing the appropriation of an indefinite amount of land designated only as so much as is "necessary," or otherwise conferring the power of appropriation in language open to construction, are not authorities to the contrary. The statute now under consideration does not suggest any qualification of or restriction upon the power of petitioner in the matter of locating its railroad across "intervening lands." The "necessity" for taking the designated strip for a right of way across appellant's lands was sufficiently proved by evidence that the surveyed route, as located in a reasonably direct line from the

mine to the railroad, extended across such land. No question is before the court as to the effect of fraud in the exercise by petitioner of the power of eminent domain, no facts being alleged that would constitute fraud.

The law authorizing the construction of such a lateral railroad from plaintiff's coal mine to a junction with another railroad must be construed in connection with the general law on the subject of railroads. *Westport Stone Co.* v. *Thomas, supra; State* v. *Gerhardt* (1896), 145 Ind. 439, 460, 44 N. E. 469. And plaintiff has express statutory authority to construct its railroad across any intervening highway, upon restoring it to its former state of usefulness for travel. §12931, cl. 5, Burns 1926, §3903 R. S. 1881.

The owner of a right of way for an electric interurban railroad crossed by the proposed route of the lateral railroad was merely an owner of "intervening lands" concerning which neither allegation nor proof was required in a proceeding to condemn other lands owned by appellant. §§7681, 7684, 13218 Burns 1926, §§2, 5, Acts 1905 p. 59, §3987 R. S. 1881.

This proceeding is under the act of 1905, which expressly provides that the assessment of damages shall include, among other things, the value of all improvements pertaining to the realty upon the lands taken, the damages to the residue of the land owned by defendant to be caused by taking out the part sought to be appropriated, and "such other damages as will result to any persons or corporation from the construction of the improvements in the manner proposed," and that "no deduction shall be made for any benefits that may result from such improvements." And it does not even authorize an assessment or estimate of expected benefits to be made. §7685 Burns 1926, *supra.*

Appellant's objection on the ground that it is denied the equal protection of the law as against this particular corporation is not well taken.

No error was committed in sustaining demurrers to exceptions filed by appellant which merely denied the existence of facts that petitioner would be bound to prove even though there had been no exceptions. It is not error to reject a pleading which merely tenders an issue as to facts already fully in issue. *Clinton Coal Co.* v. *Chicago, etc., R. Co.* (1921), 190 Ind. 465, 472, 130 N. E. 798.

The judgment is affirmed.