*W. Mack, H. C. Hill* and *I. N. Pierce*, for the appellant.

*Nov. Term,*
**1861.**

CARPENTER
v.
THE
MERCANTILE
BANK.

---

*Thursday,*
*December 5.*

---

CARPENTER and Another *v.* THE MERCANTILE BANK.

Where, to an action by a corporation, the defendant pleads the general issue, he admits the capacity of the plaintiff to sue, and can not, at the same time, plead *nul tiel corporation*, because a plea in abatement can not be pleaded in connection with a plea in bar.

APPEAL from the *Vanderburg* Circuit Court.

WORDEN, J.—Action by *The Mercantile Bank of Hartford, Conn.*, against the appellants, upon a promissory note executed by them, payable at the *Mercantile Bank; Hartford, Conn.*, to *O'iver H. Smith*, and by the latter indorsed to the plaintiff.

*Thursday,*
*December 5.*

The defendants answered, 1. By general denial. 2. *Nul tiel corporation.*

The plaintiff demurred to the second paragraph of the answer, and the demurrer was sustained. Judgment for the plaintiff. The ruling on the demurrer presents the only question in the record.

The counsel for the appellee insists, that by the making of the note *payable* at *The Mercantile Bank of Hartford, Conn.*, the defendants admitted, and are estopped to deny, the corporate capacity of the plaintiff. On the other side, it is insisted that there is no such estoppel. It would seem that there might be a "*Mercanti'e Bank,*" without there being a corporation. Private persons sometimes carry on banking business, and might have a bank, without having corporate franchises. But however this may be, we think the judgment of the Court was right, on other grounds.

The general denial admitted the plaintiffs' capacity, not only to sue, but to sue in this particular action; and the special answer, in the nature of a plea in abatement, was inconsistent with it, and could not be pleaded in connection with a plea in bar. *Jones* v. *The Cincinnati Type Foundry Company*, 14 Ind. 89.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*Conrad Baker*, for the appellants.

*J. G. Jones* and *J. E. Blythe*, for the appellee.