Jones *v.* Indiana Power Co.—192 Ind. 67.

---

### JONES ET AL. *v.* INDIANA POWER COMPANY.

[No. 23,856. Filed May 9, 1922.]

1. APPEAL.—*Presenting Questions for Review.—Ruling on Demurrer.—Independent Assignment of Error.*—The sufficiency of facts alleged in a complaint to constitute a cause of action cannot be questioned by an independent assignment of error on appeal. p. 70.

2. EMINENT DOMAIN.—*Appropriation of Lands by Electric Company.—Complaint.— Sufficiency.— Statutes.*— Under §5083 Burns 1914, Acts 1909 p. 276, that no land within the corporate limits of any city or town shall be appropriated under

the acts concerning corporations for the manufacture, trans-mission, distribution, and sale · of electricity, and §930 Burns 1914, Acts 1905 p. 59, prescribing what a complaint for the appropriation of lands under the power of eminent domain shall contain, it was not necessary for the complaint of · an electrical power transmission company to allege that lands sought to be appropriated by it were not within an incor-porated city or town.  p. 70.

3. EMINENT DOMAIN.—*Complaint.—Sufficiency.—Pleading De-fenses.*—In a proceeding to appropriate land under the power of eminent domain, the failure of the complaint to allege facts which the statute does not require in such an action is not cause for exception by way of demurrer, and if facts exist, in addition to those required to be · alleged by statute, by reason of which plaintiff is not entitled to exercise the power of emi-nent domain, they constitute a matter of defense to be affirm-atively pleaded by way of exceptions tendering issues of fact. p. 71.

4. EMINENT DOMAIN.—*Appropriation of Land by Electric Com-pany.—Complaint.—Sufficiency.—Use of Land.*—In a proceed-ing by an electric power company to appropriate land under the power of eminent domain for a right of way for a power line, complaint *held* to sufficiently show, as against demurrer, the use · plaintiff intended to make of the land appropriated. p. 71.

5. EMINENT DOMAIN.—*Appropriation of Land by Electric Com-pany.—Complaint.—Sufficiency.—Interest to be Appropriated.* —In a proceeding by an electric power company to appropriate land under the power of eminent domain for a right of way for a transmission line, complaint *held* not objectionable as seeking to take a fee simple for purposes for which only an easement could be appropriated.  p. 72.

6. EMINENT DOMAIN.—*Appropriation of Land by Electric Com-pany.— Complaint.— Sufficiency.— Description of Land to be Appropriated.*—In a proceeding by an electric power company to take land by right of eminent domain for a route for a power line, · complaint *held* to sufficiently describe the location, general route, and termini of the proposed right of way, in the absence of a motion to make the complaint more specific. · p. 72.

From Lawrence Circuit Court; *James A. Cox*, Judge.

Action by the Indiana Power Company against Walter A. Jones and others.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Robert L. Mellen,* for appellants.

*C. E. Gregg* and *Brooks & Brooks,* for appellee.

EWBANK, C. J.—Appellee filed its petition to appropriate a right of way for its electric power line extending approximately in a straight course across certain lands, which included the appropriation of eight tracts, each thirty feet square, something less than eight hundred feet apart, with the right to swing wires twenty-five feet above the ground from each of such tracts to the next one, and to maintain such line of wires, and the right to clear off the brush and timber thirty feet on either side of the center line of such wires. The lands across which the right of way was sought were described in the petition by reference to their location in certain sections, townships and ranges in Lawrence county, Indiana, from which it appears that they are near the east fork of White river, eight or ten miles southwest of the city of Bedford. The petition alleged, in substance, that the plaintiff (appellee) was a corporation organized under the laws of Indiana for the formation of companies for the manufacture and sale to towns and cities and to the public of electricity for heating, lighting and power purposes; that it had constructed and was operating an electric power plant at Edwardsport, Indiana (about thirty miles west of said lands), in which it produced and would continue to produce electric current for said purposes, and was engaged in building a line of high tension steel tower transmission wires from said producing plant, to a distribution plant at Williams, Indiana, just east of the land sought to be appropriated, which latter plant, it alleged, was owned and operated by the Southern Indiana Power Company for the distribution and sale of electric current for lighting and power purposes to customers in certain named towns and cities and at indus-

trial plants in the Oolitic stone belt, and to the public generally east, north and northwest of said distribution plant; that appellee intended to and would serve the public along its line between the termini thereof; that appellants (the defendants) owned and had certain designated interests in certain lands, as described, of which appellee sought to appropriate eight tracts each thirty feet square, located as specifically described, with the right to hang wires, not less than twenty-five feet above the ground, from the center of each tract so appropriated to the center of the next one on either side, with an easement and right of way to construct and maintain its line of wires over each body of land owned by appellants, as described, along a line from center to center of the tracts of thirty feet square and the right to clear brush and timber within thirty feet on each side of such line of wires; that appellee had endeavored to purchase said parcels, rights of way and easements from the several owners, but had been unable to agree with the said owners for the purchase of the same.

Appellants' brief states that this appeal is prosecuted for the purpose of testing the sufficiency of the complaint, and no attempt had been made to present any other question for review.

The sufficiency of the facts alleged in a complaint to constitute a cause of action cannot be questioned by an independent assignment of error on appeal, as

1. has been attempted. §§348, 933 Burns 1914, Acts 1911 p. 415, Acts 1905 p. 59; *Robinson* v. *State* (1912), 177 Ind. 263, 266, 97 N. E. 929; *Van Spanje* v. *Hostettler* (1918), 68 Ind. App. 518, 119 N. E. 725.

There was no request to make the complaint more specific. An exception by appellants to the com-

2. plaint, by way of a demurrer which challenged its sufficiency in several particulars, was filed by

the appellants and was overruled, to which ruling an exception was taken, and that ruling is assigned as error. It was not necessary for the complaint to allege that the lands sought to be appropriated were not within an incorporated town or city. If they were, that might be matter of defense (§5083 Burns 1914, Acts 1909 p. 276), but the statute which prescribes what a complaint for the appropriation of lands under the power of eminent domain shall contain does not require an allegation on that subject. §930 Burns 1914, Acts 1905 p. 59, §2.

3. The failure to allege any facts which the statute does not require the complaint in an action of this kind to allege is not cause for an exception by way of demurrer. If facts existed, in addition to those which the statute required the complaint to allege, by reason of which the plaintiff corporation (appellee) was not entitled to exercise the power of eminent domain, such facts constituted matter of defense to be affirmatively pleaded by way of exceptions tendering issues of fact.

4. It was objected that the complaint did not state what use appellee intended to make of the eight tracts, each thirty feet square, as described therein. But we think it sufficiently appears from the facts pleaded that steel towers were to be built thereon, upon which to carry a line of high tension transmission wires, for the carriage of electric current for light and power to be sold and distributed to the public. The allegations as to the kind of corporation by which the suit was brought, the business in which it was engaged, and the use to which the lands taken would be put, sufficiently disclosed what interest in the lands appellee sought to condemn.

The complaint is not open to the objection that it seeks to take a fee simple for purposes for which the

statute only authorizes an easement to be appropriated. The location, route and width of the right of way across appellant's lands are sufficiently shown. The right to exclusive occupation of each of the eight small tracts to the width of thirty feet, for a longitudinal distance of thirty feet in each instance, the right to clear the brush and timber sixty feet wide, extending thirty feet on each side of a line drawn from center to center of said tracts, and the privilege of going upon such right of way between the thirty-foot tracts to clear off brush and timber and to construct and maintain the line of wires suspended above the ground along it, were sufficiently described as being what appellee sought to appropriate, to withstand a general demurrer.

Describing appellee's electric power line as extending from Edwardsport to Williams, across certain named counties, and as crossing appellants' several bodies of land on a line extending from center to center of the several tracts, thirty feet square, which were specifically described, with rights in the lands, as stated, to a distance of thirty feet on each side of such line, was a sufficient description of the location, general route and termini of appellee's proposed right of way, in the absence of an attempt to require that the complaint be made more specific, at least. Appellants could not have been misled by such allegations, and if they were in doubt as to the meaning, an exception on the ground that the complaint was not sufficiently specific to be clearly understood was the proper remedy.

The facts stated in the complaint were sufficient, under the statute, to give the court jurisdiction, and to withstand the exceptions by way of demurrer which were filed by appellants.

The judgment is affirmed.