DYAR ET AL. v. ALBRIGHT CEMETERY ASSOCIATION.

[No. 25,213. Filed July 20, 1927.]

1. EMINENT DOMAIN.—*Waiver of notice by appearing to the proceeding.*—Nonresident defendants to a condemnation proceeding who appeared to the proceeding and submitted themselves to the jurisdiction of the court waived the giving of the special notice by the clerk of the court required by §7683 Burns 1926. p. 434.

2. EMINENT DOMAIN.—*Procedure for condemnation of land for cemetery purposes.*—The procedure prescribed by the act of 1889 (Acts 1889 p. 302, §§4591-4593 Burns 1926), relating to the condemnation of additional land for cemetery purposes, has not been in force since chapter 48 of the laws of 1905 (Acts 1905 p. 59, §§7680-7691) became effective. p. 436.

3. EMINENT DOMAIN.—*Effect of mistake as to statute controlling in eminent domain proceeding for cemetery purposes.*—The fact that landowners, made parties to a proceeding to condemn land for cemetery purposes, proceeded under the special statute of 1889 on that subject (Acts 1889 p. 302, §§4591-4593 Burns 1926) instead of under the general eminent domain statute enacted in 1905 (Acts 1905 p. 59, §§7680-7691 Burns 1926), which now controls in such proceedings, was not an "entrapment" and did not require the court to set aside its order appointing appraisers and thus enable the defendants to raise the question of the necessity of appropriating all of the land sought to be condemned. p. 436.

From Miami Circuit Court; *Hurd J. Hurst,* Judge.

Proceeding by the Albright Cemetery Association to condemn additional land for cemetery purposes, to which J. Howard Dyar and another were made defendants.

From an order approving the report of the appraisers, the defendants appeal.  *Affirmed.*

*Conrad Wolf, Earl B. Barnes, Curtis W. Roll* and *George B. Shenk, for appellants.*

*Russell J. Wildman* and *Fred J. Byers,* for appellee.

MARTIN, J.—The appellee, an incorporated cemetery association, owning a public cemetery in Taylor township, Howard county, brought this action to take, by the power of eminent domain, appellants' tract of land which adjoined the cemetery.

To appellee's petition, the appellants filed a demurrer, which was overruled, and then filed a general denial. The record recites that the "cause being at issue and called for trial, the same is now submitted to the court, and now by agreement of the parties hereto, the court appoints" certain appraisers, who later qualified and returned their sworn appraisement.  The appellants filed exceptions to the report of the appraisers and, on the issue thereby formed, the cause was tried.  The court, at the request of both parties, filed its written findings of fact and stated conclusions of law thereon.  The court found that the appellee was duly incorporated, owned a public cemetery, and had the right to exercise the power of eminent domain, which it had done in this action.  That the appellants' improvements and other farm land situated across a highway from the land appropriated would not be damaged thereby.  The court further found: "That the defendants (appellants) herein were duly and legally notified of the pendency of this action, appeared by counsel, filed no objections to the condemnation proceedings, permitted the court to appoint appraisers without objections, and the appraisers then returned and filed in open court their appraisement, and that thereafter the defendants filed their exceptions to the condemnation proceedings and the award

of the appraisers. That the defendants have been damaged and should be compensated in the sum of $3,100 for the real estate acquired by the plaintiff in the condemnation proceedings herein, being the same real estate as described in plaintiff's complaint." On these facts, the court found the law to be with the appellee, and rendered judgment accordingly.

Section 7680 Burns 1926, Acts 1905, ch. 48, §1, p. 59, provides that, "any person, corporation or other body having the right to exercise the power of eminent domain *for any public use, under any statute,* existing or hereafter passed, and desiring to exercise such power, *shall do so only in the manner provided in this act,* except as otherwise provided herein." Sections 7680-7691 Burns 1926, Acts 1905, ch. 48, §§1-12, p. 59, set out clearly and completely the procedure to be followed in condemnation proceedings under the power of eminent domain.

The attorneys for appellants, after the introduction of the evidence, (brief of counsel says "after the evidence was partially introduced," but the record does not show that any evidence was introduced after the filing of appellants' affidavit and motion hereinafter referred to) discovered that under the provisions of §7684 Burns 1926, Acts 1905 p. 59, §5, any objections to the condemnation proceedings "on the ground that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections, . . . shall be in writing . . . filed not later than the first appearance of said defendant"; and that, under the issue made by the filing of their exceptions to the appraisers' report (provided for in §7686 Burns 1926, Acts 1905 p. 59, §8) they could not present for determination the question of whether the entire quan-

tity of land, eighteen acres, which the appellee sought to take, was needed or required by the appellee for public use as a cemetery.

Thereupon, appellants filed a lengthy affidavit and motion alleging therein that the appellee had proceeded in the action under the terms of §§1, 2 and 3, ch. 157, Acts 1889 p. 302, (§1 as amended by Acts.1905 p. 120), being §§4591-4593 Burns 1926, an "act to provide for the appropriation of real estate for cemetery uses," and not under ch. 48, acts of 1905 cited above, an "act concerning proceedings in the exercise of eminent domain"; that the notice issued to appellants complied with the procedure outlined in the former law and not in the latter; and, among other things, that "freeholders of the neighborhood" were appointed appraisers although the latter law provides for the appointment of "freeholders of the county," and that the exact language of the latter statute concerning the inability of the parties to agree on a price had not been used. The affidavit and motion did not ask the court to set aside its judgment appointing the appraisers and permit them to file objections to the complaint, but asked that appellants "be permitted to make their defense as provided in the statute under which the plaintiff, the court and the defendants have heretofore proceeded."

The court overruled this motion. While there are a number of facts in the record which seem to indicate, as appellants allege, that the lower court and the appellee were also in confusion as to the procedure, yet, when carefully examined, it appears that all the requirements of the general condemnation statute were complied with, except in the matter of notice. One defendant was notified by publication, the other was served with a summons which set out fully the nature of the proceedings and the description of the land sought. The provision of §7683 Burns 1926, §4, ch. 48, acts of

1905, that the clerk shall send a notice by mail to each nonresident landowner was not complied with, but since both appellants (defendants) appeared generally and submitted to the jurisdiction of the court, any insufficiency of notice or objection to the jurisdiction of the court was thereby waived. *Slauter* v. *Hollowell* (1883), 90 Ind. 286. The appraisers appointed were freeholders of the county and the allegations with reference to the failure to agree upon a price were sufficient.

Alleged errors assigned and relied upon by appellants include the overruling of the motion which we have just considered and the overruling of their motion for a new trial, wherein they set up as grounds or reasons that the assessment of the amount of recovery is too small, that the special findings of fact and the decision of the court are not sustained by sufficient evidence and that "the court erred in refusing to relieve the defendants while the proceeding was still *in fieri* from a mere mistake and misunderstanding . . . as to the proper form of practice to be followed."

Appellants in their motion alleged that they "were wholly misled as to the law under which the plaintiff was proceeding . . . and believed that plaintiff was proceeding under the act of 1889" and "that there should be followed the practice as prescribed by the . . . case of *Farneman* v. *Mt. Pleasant Cemetery Assn.* (1893), 135 Ind. 344, 346, 35 N. E. 271," and in their brief contend that they "were entrapped by a technicality of practice, arising from a confusion of Indiana statutes and because appellants had failed, at the right time, to raise the question of lack of necessity for the land appropriated, they were adjudged to have waived their rights ever thereafter to invoke the discretion of the court to fix the amount of land petitioner should be permitted to appropriate."

We cannot see wherein appellants were "misled as to the law" or were "entrapped by a technicality of prac-

tice." If they were misled or entrapped, they 2, 3. might reasonably expect relief, but the plain and apparent fact is that appellants were attempting to follow the procedure (provided for in ch. 157, Acts 1889 cited *supra*) which has not been in effect for twenty-two years (i. e. since ch. 48, acts of 1905 became effective) and did not follow the very plain provisions of the act of 1905, *supra,* which has been held to govern the proceedings for cemetery condemnations. *Alberson Cemetery Assn.* v. *Fuhrer* (1923), 192 Ind. 606, 137 N. E. 545.

While the evidence is to some degree conflicting, it amply supports the special findings and the decision of the court.

It appears from the special findings that the lower court decided that the issue on the trial on the exceptions to the appraisers' report was narrowed to the single question of whether the amount of the appraisement was excessive, and although the court, for that reason, did not determine the question sought to be presented relative to the necessity of the appropriation of all the land condemned, which, considering the size of the cemetery was relatively large, the court nevertheless permitted the parties to introduce testimony (which covers a large part of the 173-page transcript of the evidence) directed to that question. If we were called upon by this appeal to determine whether the evidence appearing in the record was sufficient to sustain a finding that a necessity existed for the appropriation of the entire amount of land condemned, we would hold that the finding was sustained by the evidence.

Judgment affirmed.