REUTER ET AL. *v.* MILAN WATER COMPANY, INC.

[No. 26,256. Filed November 26, 1935.]

242

Wycoff & Wycoff, for appellants.
Sam A. Connelly, for appellee.

FANSLER, J.—The appellee, by its complaint, alleged that it is a corporation organized under the laws of this state for the purpose of constructing, erecting, and maintaining a waterworks system for the town of Milan, and for the purpose of supplying the town, its inhabitants, and communities adjacent thereto with water for domestic use and other purposes; that the defendants (appellants) are the owners of certain described real estate; that in order to enable the plaintiff to furnish a sufficient and adequate supply of water it is necessary that it acquire and appropriate defendants' described real estate for the production of water to be pumped from wells to be constructed thereon; that it has been unable to agree with the owners of said land for its purchase. Judgment was asked accordingly. Appellants appeared to the action and filed eighteen numbered objections. The objections were overruled. The court found that the allegations of the complaint were true. There was an interlocutory judgment appointing appraisers, from which this appeal is taken.

Error is predicated upon the overruling of all of appellants' objections except numbers 1, 7, and 12. The second objection is, "that the court has no jurisdiction of the person of the defendants or either of them." In support of their contention that it was error to overrule this objection, appellants contend that

the summons served upon them was not sufficient under the statute. The record discloses that appellants appeared to the action and filed their objections, which are directed to the complaint and serve the purpose of a demurrer, an answer, or both. There was no motion to quash the service and no special appearance. The sufficiency of the process cannot be questioned by demurrer, and a general appearance waives any irregularity in service.

Appellants correctly contend that the right of eminent domain is inherent in the state, and that a private corporation claiming the right must point to some statute by which the power is delegated to it, and that the grant of power must be sufficiently broad to cover the specific purpose for which the property in question is sought to be appropriated. They assume that the appellee's right to condemn is controlled by sections 5573-5582, Burns 1926, and insist that the right to condemn a water supply is not granted by those sections. This view does not take into consideration chapter 218, Acts of 1929, page 800, section 1 of which provides: "That any corporation organized under the law of the State of Indiana, authorized by its articles of incorporation to furnish, supply, transmit, transport or distribute . . . water . . . to the public or to any town or city, . . . is hereby authorized and empowered to take, acquire, condemn and appropriate land, real estate or any interest therein, for carrying out such purposes and objects . . ."

Section 4897, Burns 1926, authorizes the organization of corporations to promote, finance, construct, equip, rent, own, and operate waterworks. It is claimed by appellee that it was organized under the statute last referred to, and this contention is not seriously controverted.

The act of 1929 above referred to expressly authorizes

the condemnation of land for carrying out the purposes and objects for which the corporation was organized, and a franchise from a city which it contemplates serving, or a finding of necessity or convenience by the Public Service Commission, is not essential to its exercising the right. *Lowe et al.* v. *Indiana, etc., Power Co.* (1926), 197 Ind. 430, 151 N. E. 220.

It is also contended that there is a distinction between condemning land for the purpose of procuring the use of a supply of water in a surface lake or reservoir, or stream running upon the surface, upon the one hand, and for the use of a supply of water in a subterranean body or stream, upon the other. No authority is cited to sustain the contention, and we can see no distinction.

Appellants assert that there is no basis for determining the amount of water that will be taken, and therefore the appraisers will have no basis for fixing a value. But this is a question of fact which must be determined upon the report of the appraisers.

The objections contemplated by the statute may answer the purpose of a demurrer, or an answer, or both, and, if issues of fact are raised, the objectors may introduce evidence to support the allegations of their objections. Appellants complain that they were given no opportunity to introduce evidence in support of their objections. But it does not appear that they offered to introduce evidence. However, no material issue of fact was raised by any of the objections.

It is alleged in the eighth objection that the use for which plaintiff seeks to condemn defendants' land is a private use. This merely negatives an allegation of the complaint to the effect that the water underlying appellants' land is necessary as a source of supply for furnishing water to the town of Milan and the communi-

ties adjacent thereto, and the allegations of the complaint were found to be true.

It is also alleged that the plaintiff has already leased its proposed waterworks to the town of Milan, to ██ be operated by the town. We cannot see how this is material, even if admitted.

It is alleged that, in order to pipe water from the lands sought to be condemned, it will be necessary for plaintiff to lay its pipes upon and along the public ██ lic highway, and that it is not shown in plaintiff's petition that it had acquired the right of way over and along the public highway. But we cannot see that this is material to the issue. Neither is the fact that plaintiff has not obtained a franchise from the town.

It is also contended that there may be other water supplies equally available. The complaint alleges that in order to enable plaintiff to produce a sufficient and adequate supply of water it is necessary that plaintiff acquire and appropriate the real estate of the defendants. The allegations of the complaint were found to be true.

Judgment affirmed.