JOINT COUNTY PARK BOARD OF RIPLEY, DEARBORN AND DECATUR COUNTIES, INDIANA *v.* STEGEMOLLER ET AL.

[No. 28,501. Filed November 23, 1949. Rehearing denied January 27, 1950.]

104

105

106

*Ewing E. Wright,* of Osgood, *Amos W. Jackson,* of Versailles, and *Paul V. Wycoff,* of Batesville, for appellant.

*Charles A. Love,* of Lawrenceburg, *Paul R. Schnaitter;* and *Cooper & Cooper,* all of Madison, for appellees.

EMMERT, J.—This is an appeal from a judgment entered upon refusal of the appellant to amend its complaint after the court had sustained objections to its complaint to condemn lands of the appellees for the establishment of a joint county park under Ch. 245 of the Acts of 1947 (§ 26-1538 et seq., Burns' 1948 Replacement). The errors relied upon for reversal are the court's rulings in sustaining each separate objection numbered 3, 4, 5 and 6. No cross errors are assigned.

The complaint in substance alleged that the Joint County Park Board of Ripley, Dearborn and Decatur Counties had been created pursuant to Ch. 245 of the 1947 Acts and had the power of eminent domain, for the purpose of acquiring certain lands in Ripley County, Indiana, for conveyance to the State of Indiana for park purposes; that the fee simple title to 243 acres, more or less, as therein described, which was owned

by the appellees, should be condemned, and that the appellant had been unable to agree with said owners for the acquisition thereof by direct purchase.

Section 5 of the Eminent Domain Act of 1905, § 3-1705, Burns' 1946 Replacement (Acts of 1905, ch. 48, § 5, p. 59) provides for the filing of objections to the complaint. "It is contemplated that causes which would ordinarily constitute grounds for plea in abatement, demurrer or answer may be presented in objections authorized by § 7684, *supra* .[§ 3-1705, Burns' 1946 Replacement]." *Root* v. *State* (1934), 207 Ind. 312, 318, 192 N. E. 447. See also *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N. E. 2d 1015. But the same objection may not serve as both a demurrer and an answer. *Toledo, etc. Traction Co.* v. *Toledo, etc. R. Co.* (1908), 171 Ind. 213, 86 N. E. 54. If the objections go to matters on the face of the complaint, they perform the office of a demurrer and should point out the particular defects therein. *Morrison* v. *Indianapolis & Western R. Co.* (1906), 166 Ind. 511, 525, 76 N. E. 961, 77 N. E. 744; *Root* v. *State* (1934), 207 Ind. 312, 192 N. E. 447, *supra; Westport Stone Co.* v. *Thomas* (1911), 175 Ind. 319, 94 N. E. 406, 35 L. R. A. (N. S.) 646; *Joliff* v. *Muncie Electric Light Co.* (1914), 181 Ind. 650, 105 N. E. 234; *City of Lebanon* v. *Public Service Co. of Ind.* (1938), 214 Ind. 295, 14 N. E. 2d 719. If facts exist in addition to those disclosed by the complaint which would defeat plaintiff's recovery, they should be affirmatively pleaded. *Jones* v. *Indiana Power Co.* (1922), 192 Ind. 67, 135 N. E. 332. Although an action for condemnation is special in nature under the statute, other provisions of the civil code may be applied, if not inconsistent or in conflict with the specific provisions of the condemnation act. *Toledo, etc. Traction Co.* v. *Toledo, etc. R. Co.* (1908), 171 Ind. 213, 86 N. E.

54, *supra; City of Lebanon* v. *Public Service Co. of Ind.* (1938), 214 Ind. 295, 14 N. E. 2d 719, *supra.*

The appellee's third objection stated: "That the plaintiff has no right to exercise the power of eminent domain for the use sought in the petition." The appellees fail to point out with particularity any reason why appellant had no right to exercise the power of eminent domain. It was in effect an answer in general denial, not contemplated by the act. The trial court in sustaining it treated it as a demurrer. Under the above authorities this was error.

The fourth objection stated: "That the plaintiff, Joint County Park Board of Ripley, Dearborn and Decatur Counties, Indiana, has not been created pursuant to and under the authority of Chapter 245 of the Acts of the General Assembly of Indiana for the year 1947, and said plaintiff does not have the power of eminent domain." This was merely a denial of rhetorical paragraph one (1) of the complaint. It stated no facts showing why the park board had not been created pursuant to Ch. 245 of the 1947 Acts, nor did it state any facts showing why the appellant did not have the power of eminent domain. This objection, likewise, was treated as a demurrer when the court sustained it, which was error.

The fifth objection denied the appellant had been "legally created by the Boards of Commissioners of the counties of Ripley, Dearborn and Decatur Counties," and denied that the appellant had power to acquire the described lands by condemnation. This was merely a denial of rhetorical paragraph two (2) of the complaint without stating facts showing wherein the creation of the appellant was illegal, or whereby it possessed no power to condemn the described lands. Under no conceivable theory could it be

considered as a demurrer, although it too was erroneously sustained by the court as if it had been a demurrer.

The sixth objection alleged facts not appearing on the face of the complaint and constituted an answer attacking the legal existence of the appellant. In substance it alleged the filing of a petition with the Board of County Commissioners of Ripley County by more than 200 taxpayers and legal voters of said county, requesting the acquisition of the lands described in the complaint for the purpose of transferring said lands to the State of Indiana for park purposes. The petition also alleged that Decatur County and Dearborn County would be specially benefited, and that said three counties should join together to pay for said lands plus a sum not to exceed 5% of its cost for necessary incidental expenses of procurement and maintenance of said lands until acceptance and possession be taken by the state, and that the cost be apportioned among the said counties as follows: Decatur $6,000, Dearborn $6,000, and Ripley County to pay the balance, Decatur County to appropriate the sum of $6,000 out of general funds, and Dearborn County to appropriate $6,000 out of general funds, and Ripley County to appropriate the sum of $10,000 out of general funds, and the balance needed for said acquisition to be raised by popular subscription, donations, gifts and devises, and in the event of failure to raise the sum necessary for such acquisition in such manner, then the boards of commissioners of each participating county, if it grants said petition, fix in its order granting the same the amount of and levy an annual tax upon the assessed property of said counties for a period not to exceed twenty years, sufficient to enable each of said counties to contribute and pay its share, and to

issue bonds of said county for said purpose, and that the estimated cost of said lands would not exceed $50,000.

The sixth objection further averred the Board of County Commissioners of Ripley County furnished the Governor of the State of Indiana and the Indiana Department of Conservation each one copy of the petition and that each gave approval in writing to the acceptance by the state of the lands described in the petition without recommending any changes in the proposed acquisition.

That thereafter copies of the original petition and approval were filed with the Boards of County Commissioners of Decatur County and Dearborn County, and that notice was given by each of the three counties by publication.

That on December 29, 1947, the Board of County Commissioners of Ripley County met and found it would be expedient and for the best public interest of Ripley County to grant the petition and acquire the lands therein described to be turned over to the state for park purposes, and that said board at said time fixed the maximum amount to be paid by Ripley County at $10,000, and ordered the formation of a joint park board. That the respective boards of Decatur and Dearborn Counties entered orders approving said petition and fixed the amount to be paid by each of said counties at $6,000, and ordered the formation of a joint county park board. The assessed valuation for the year 1947 of Ripley County was alleged to be $16,489,815, the assessed valuation of Dearborn County $37,561,040, and the assessed valuation of Decatur County $27,194,405. The objection further stated that the jurisdiction of the several Boards of County Commissioners of said counties over said petition was

dependent upon the filing of a petition which complied with the statute, and that said petition did not comply with § 3 of Ch. 245 of the Acts of 1947 which stated that the shares to be contributed by each county should be based upon the proportion which the assessed valuation of taxable property in each county bears to the total assessed valuation of taxable property in all counties alleged to be specially benefited. The objectors for said reasons asserted the appellant "does not constitute a legal joint county park board of Ripley, Dearborn and Decatur Counties."

The appellees take the position that the appellant had no legal existence as an entity. If a corporation does not exist, such issue must be raised by plea in abatement. 1 Watson's Rev., *Works' Practice & Forms* 410, § 554; 1 Lowe's Rev., *Works' Indiana Practice & Forms* 589, § 15.9; 1. C. J. 115, § 184; *Heaston* v. *Cincinnati, etc. R. Co.* (1861), 16 Ind. 275.

"A municipal corporation is, for the purpose of its creation, a government possessing to a limited extent sovereign powers . . ." *Brinkmeyer* v. *City of Evansville* (1867), 29 Ind. 187, 191.

"No particular form of words is necessary to constitute a municipal corporation, though a particular form of words is generally used for such purpose. If an act of a legislature confers special powers and privileges upon the residents or inhabitants of a particular district which cannot be exercised and enjoyed, and the purpose intended by the law carried into effect, without their acting in a corporate capacity, a corporation, to that extent, is created by implication. *Berlin* v. *Gorham* (1856), 34 N. H. 266; *Ex parte The Newport Marsh Trustees* (1848), 16 Sim. (39 Eng. Chancery Rep.) 345; I

Dillon, *Municipal Corporations* (5th ed.) § 64, pp. 118, 119." *Rosencranz* v. *City of Evansville* (1924), 194 Ind. 499, 504, 143 N. E. 593.

Section 1 of the act defines the words "park" and "park purposes" to mean lands and improvements which are "devoted to public use for recreation, for the protection and propagation of wildlife, or for the enjoyment of matters of public interest which have a historical, memorial, geographical, scientific or scenic value." Section 2 authorizes the board to acquire by "gift, devise, purchase or condemnation . . . for park purposes," and to hold, improve, maintain and operate said lands as a joint county park or to transfer and convey said lands to the state for said purposes. Section 10 of the act authorizes the boards to operate joint county parks without reconveyance and transfer to the state. In our opinion, when the act is construed as a whole, the legislature, under the authorities in this state, authorized the creation of a new municipal corporation for park purposes as therein defined.

We take judicial notice of the statute under which the corporation was formed. However, the sixth objection stated the specific facts upon which appellees relied to question the corporate existence of the appellant, and assuming the alleged facts to be true, the objection disclosed an attempt to organize under a valid general act, and an actual user of the corporate powers. This was sufficient to constitute the appellant a *de facto* municipal corporation. *Tulare Irrigation District* v. *Shepard* (1902), 185 U. S. 1, 46 L. Ed. 773, 22 S. Ct. 531; II Dillon, *Municipal Corporations* 1368, § 887 (5th Ed.) ; 43 C. J. 98, § 50; *Mullikin* v. *City of Bloomington* (1880), 72 Ind. 161.

A *de facto* corporation may maintain an action in condemnation for uses within its powers. *Morrison* v. *Indianapolis & Western R. Co.* (1906), 166 Ind. 511, 76 N. E. 961, 77 N. E. 744, *supra; Roaring Springs etc. Co.* v. *Paducah Telephone Co.* (1919), 109 Tex. 452, 164 S. W. 650, 212 S. W. 147; *Crystal Park Co.* v. *Morton* (1915), 27 Colo. App. 74, 146 Pac. 566. The *de facto* existence of a corporation may not be collaterally attacked in a eminent domain proceeding. The proper remedy is by an information in the nature of *quo warranto*. *Joliff* v. *Muncie Electric Light Co.* (1918), 181 Ind. 650, 105 N. E. 234, *supra;* 43 C. J. 98, § 50.

The provisions of § 3 of the Park Act for the apportioning of the costs were for the protection of the counties as between themselves. The objection failed to show that any county objected to the apportionment or that any remonstrance was filed by any resident taxpayer of any county to the petition pending in his county. Furthermore § 9 of the act provided specifically for a subsequent change in the apportionment of costs and expenses by the agreement of the various counties. Instead of waiting until after the formation of the corporation for an amendment, that object was sought to be accomplished in the original petition. In view of the provisions of the act, we are constrained to hold that the provisions as to apportionment were not jurisdictional, and therefore could be waived. The appellant was a *de facto* corporation.

Even if the sixth objection had stated facts showing that the appellant was not a corporation either *de jure* or *de facto,* it would have been an answer in abatement, and as such improperly joined with other objections which, although not in the form

or substance contemplated by the condemnation act, were answers in bar. Burns' 1946 Replacement, § 2-1034; *Heaston* v. *Cincinnati etc. R. Co.* (1861), 16 Ind. 275, *supra; Carpenter* v. *Mercantile Bank* (1861), 17 Ind. 253; *Sisters of Providence* v. *Lower Vein Coal Co.* (1926), 198 Ind. 645, 154 N. E. 659; 1 C. J. 268, § 595; 1 Lowe's Rev., *Works' Indiana Practice & Forms* 579, 580, § 15.2.

The appellees at this stage of the proceeding have no interest in the present lack of funds, if any, to pay a final judgment which may be awarded ▇ them. The fee simple title to the real estate was sought to be taken, and the park board has one (1) year after the rendition of the final judgment in which to decide whether or not it will take the land and pay the damages assessed. § 3-1710, Burns' 1946 Replacement; *State* v. *Flamme* (1940), 217 Ind. 149, 26 N. E. 2d 917. The appellees know there must be funds available to pay the final judgment when the taking is completed. *City of Lebanon* v. *Public Service Co. of Ind.* (1938), 214 Ind. 295, 14 N. E. 2d 719, *supra.*

There is considerable discussion in the briefs concerning the attempt made by the petition to provide for popular subscriptions, donations, gifts and ▇ devises. It is not necessary here to decide the legal effect of this provision, but it is sufficient to note that under §§ 2 and 9 of the Park Act the appellant was specifically authorized "to acquire by gift, devise, purchase or condemnation" lands for park purposes. Appellees are in error in their contention that the appellant's capacity to receive gifts was limited by the specific provisions of the statute. As stated in III Dillon, *Municipal Corporations* 1567, 1568, § 981 (5th Ed.):

"Municipal and public corporations *may be the objects of public and private bounty*. This is reasonable and just. They are in law clothed with the power of individuality. They are placed by law under various obligations and duties. Burdens of a peculiar character rest upon compact populations residing within restricted and narrow limits, to meet which property and revenues are absolutely necessary, and, therefore, legacies of personal property, devises of real property, and grants or gifts of either species of property directly to the corporation for its own use and benefit, intended to and which have the effect to ease it of its obligations or lighten the burdens of its citizens, are, in the absence of disabling or restraining statutes, valid in law. . . ."

See also III McQuillin, *Municipal Corporations* 999, § 1221 (2d Ed. Rev.).

Municipal corporations also have the implied power to receive gifts upon trust which are germane to the purposes of such corporation. 43 C. J. 1335; III McQuillin, *Municipal Corporations* 1007, § 1230 (2d Ed. Rev.) ; III Dillon, *Municipal Corporations* 1569, § 982 (5th Ed.) ; *Craig* v. *Secrist* (1876), 54 Ind. 419; *Board of Comrs. of Lagrange County* v. *Rogers* (1876), 55 Ind. 297; *Skinner* v. *Harrison Township* (1888), 116 Ind. 139, 18 N. E. 529; *Board of Comrs. of Rush County* v. *Dinwiddie* (1894), 139 Ind. 128, 37 N. E. 795.

The appellant had the implied power to receive outright gifts of money or property or such gifts upon trust for the park purposes, and also each of the three boards of county commissioners of each of the counties participating had the implied power to receive gifts of money or property upon trust for the use of appellant. Such gifts to the boards of county commissioners could reduce the amount necessary to be contributed by the respective counties.

Judgment reversed, with instructions to the trial court to vacate the rulings sustaining objections number 3, 4, 5, and 6, and to take further proceedings in such matter consistent with this opinion.

NOTE.—Reported in 88 N. E. 2d 686.

## ON PETITION FOR REHEARING

EMMERT, J.—Appellees in their petition for rehearing assert that by the language of the original opinion to the effect that the sixth objection pleaded matters in abatement which were waived by being joined with other objections which, if anything, were answers in bar, there was added "something new" to the law in eminent domain cases, and that by implication, for the first time, the cases of *Morrison* v. *Indianapolis & Western R. Co.* (1906), 166 Ind. 511, 76 N. E. 961, 77 N. E. 744, and *Vandalia Coal Co.* v. *Indianapolis & Louisville Rwy. Co.* (1907), 168 Ind. 144, 79 N. E. 1082, were overruled.

It is obvious that the full effect of the later decisions of *Sisters of Providence* v. *Lower Vein Coal Co.* (1926), 198 Ind. 645, 154 N. E. 659; *Dyar* v. *Albright Cemetery Assn.* (1927), 199 Ind. 431, 157 N. E. 545; and *Reuter* v. *Milan Water Co.* (1935), 209 Ind. 240, 198 N. E. 442, has not been fully considered by the appellees.

In the *Sisters of Providence Case, supra,* a certificate of the lateral railroad required by § 55-2607, Burns' 1933; Acts of 1869 (Spec. Sess.), ch. 46, § 6, p. 97 (§ 13224, Burns' 1926), was not filed in the recorder's office until several months after the action for condemnation was commenced and jurisdiction obtained of the appellants. The court in holding that this matter was one in abatement which

should have been raised before an objection in bar said:

> ". . . The statute which provides for filing such a certificate does not command that it shall be filed before the action to appropriate lands for a right of way is commenced. If it could be construed to require such prior filing, we think the fact that a certificate had not been filed in time would be a *matter in abatement, to be pleaded under oath before joining issue in bar*. The mere unsworn allegation in one paragraph of a series of exceptions in bar, filed at the same time, that such a certificate had not been filed before the suit was commenced, did not state a cause of defense. See *Southern Ind. R. Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 360, 372, 81 N. E. 65; *Cleveland, etc., R. Co.* v. *Hadley* (1913), 179 Ind. 429, 438, 101 N. E. 473." (Italics added.) pp. 657, 658.

A matter in abatement would be properly designated as an "objection," yet its nature is not changed by its name, and this court should consider it for what it is in fact and law.

This court in considering a waiver of jurisdiction of the person in an eminent domain proceeding in the *Dyar Case, supra,* said:

> ". . . The provision of § 7683 Burns' 1926, § 4, ch. 48, Acts of 1905 [§ 3-1704, Burns' 1946 Replacement], that the clerk shall send a notice by mail to each nonresident landowner was not complied with, but since both appellants (defendants) appeared generally and submitted to the jurisdiction of the court, any insufficiency of notice or objection to the jurisdiction of the court was thereby waived. *Slauter* v. *Hollowell* (1883), 90 Ind. 286." pp. 434, 435.

In the *Reuter Case, supra,* the court, in holding that a general appearance under the eminent domain act waives any irregularity in the service of process, said:

". . . The record discloses that appellants appeared to the action and filed their objections, which are directed to the complaint and serve the purpose of a demurrer, an answer, or both. There was no motion to quash the service and no special appearance. The sufficiency of the process cannot be questioned by demurrer, and a general appearance waives any irregularity in service." p. 243.

However, upon further consideration of the statutory provisions contained in § 3-1705, Burns' 1946 Replacement (Acts of 1905, ch. 48, § 5, p. 59) the majority of the court is of the opinion that, since the proceedings are somewhat summary in nature, and the statute requires, "Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement or objections shall be allowed in such cause, . . ." matters affecting the jurisdiction of the person and in abatement may be presented by unverified objection filed at the same time as other objections, which may severally constitute a demurrer or answer. Accordingly, the *Sisters of Providence Case, supra,* the *Dyar Case, supra,* and the *Reuter Case, supra,* in so far as they are in conflict with this opinion, are hereby overruled.

The other points presented in the petition for rehearing were duly considered in the original opinion, and upon further consideration, we believe were correctly decided. If a petition for rehearing presents only points that were properly presented for decision at the first hearing and were not overlooked or improperly decided, the petition should be denied. *Kilgallen* v. *State* (1922), 192 Ind. 531, 132 N. E. 682, 137 N. E. 178. See also *Glens Falls Ins. Co.*

v. *Michael* (1907), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708.

Rehearing denied.

NOTE.—Petition for Rehearing reported in 89 N. E. 2d 720.