## GRAMLICH v. JOINT COUNTY PARK BOARD.

### No. 10413.

United States Court of Appeals
Seventh Circuit.

Oct. 2, 1951.

Charles A. Lowe, Lawrenceburg, Ind., Paul R. Schnaitter, Joseph M. Cooper, Cooper, Cooper & Cooper, Madison, Ind., for appellant.

Paul V. Wycoff, Batesville, Ind., Ewing E. Wright, Osgood, Ind., James L. Laupus, Seymour, Ind., Amos W. Jackson, Versailles, Ind., for appellee.

Before KERNER, LINDLEY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

Joint County Park Board of Ripley, Dearborn and Decatur Counties, Indiana, formed pursuant to the Park Board Act of Indiana,[1] commenced an action in the Circuit Court of Ripley County, Indiana, to condemn lands for park purposes. Alma Gramlich as the owner of an undivided interest in certain of the lands was made a party defendant to that action. She is a citizen and resident of Kentucky, and in this case she has filed her complaint against the Park Board seeking a declaratory judgment to the effect that the action of the Park Board in attempting to take her land under the Park Board Act would deprive her of her property without just compensation. The case was tried by the court without a jury. The facts were stipulated. The trial judge sustained the Park Board Act as constitutional, made special findings of fact upon which he rendered his conclusions of law and entered a judgment for costs against plaintiff. To reverse this judgment, plaintiff appeals.

The only question we are asked to decide is whether the Park Board Act is constitutional.

The constitutional provision in Indiana with reference to the taking of property is Art. 1, § 21. It provides: " * . * * No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation

---

1. Section 26–1539 et seq., Burns' Ind.Ann.Stats.1951 Replacement.

first assessed and tendered." It is plaintiff's contention that this section of the Indiana Constitution requires that as to all others except the State of Indiana, the compensation shall be first assessed and tendered. She concedes that it is not essential that payment of the compensation be made before the passing of the title to the property to be taken, but that just compensation from the State or one of the subdivisions thereof requires a pledging of the public credit for the payment of the compensation. She argues that the action of the State in the passage of the Park Board Statute and the action of the Supreme Court of Indiana[2] in construing it as it has construed it, permits the taking of her property without any pledging of the credit of any subdivision of the State. This, she asserts, is violative of the Fourteenth Amendment to the Federal Constitution.

The Park Board Act in question authorizes two or more counties to join together to acquire by gift, purchase or condemnation for park purposes, any lands within the State. § 26–1539. For that purpose the Joint County Park Board is authorized to draw warrants on the county treasurer of the participating counties having funds legally available to pay for the lands. § 26–1546. And to carry out the purposes of the Act, the Board is granted the power of eminent domain. § 26–1549. The procedure for the exercise of the power of eminent domain is furnished by the Eminent Domain Act.[3]

Section 3–1702 of the Eminent Domain Act relates to the requirements for the complaint in condemnation, including a statement of the "use" the plaintiff intends to make of the property, a specific description of the land sought to be taken, enumeration of the name of the condemnor and all parties who are proper parties defendant, and that the plaintiff has been unable to agree with defendants for the purchase of the lands, and § 3–1703 provides for notice, while § 3–1704 contains an explanation of the procedure for giving notice and provides that the court, being satisfied with the regularity of the procedure and the right of the plaintiff to exercise the power of eminent domain for the use sought, shall appoint three disinterested freeholders of the county to assess the damages which the owner or owners severally may sustain or be entitled to by reason of such appraisement. The factors to be taken into consideration by the appraisers in measuring the damages are provided for by § 3–1706, and should either party be dissatisfied with the appraisement, exceptions thereto may be filed and the cause shall then proceed to trial and judgment as in civil actions. § 3–1707.. And § 3–1710 gives the condemnor one year after the rendition of final judgment within which to decide whether it will take the land and pay the damages assessed.

The court found inter alia that a sum slightly in excess of $28,000 had been raised by popular subscription, donations and gifts, and was held in trust by Southeastern Park Association to be used by defendant in payment of the lands sought to be condemned, and that the Board of Commissioners of Dearborn County and Decatur County each had appropriated $6,000, and that an appropriation of $10,000 was provided and approved by the Board of Commissioners of Ripley County.

In support of her contention that the Park Board Act operates to take her property without just compensation, appellant makes the point that while § 3–1710 of the Eminent Domain Act requires payment of the compensation within one year after the judgment assessing damages has become final, "there is nothing in the Act which precludes the State from entering into possession prior to the payment of compensation." And she relies principally upon Sweet v. Rechel, 159 U.S. 380, 16 S.Ct. 43, 40 L.Ed. 188, and Joslin Mfg. Co. v. City of Providence, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167. We have considered those cases as well as others cited by plaintiff but have reached the conclusion that they are not applicable here, for the reason that those cases involved situations where

---

2. Joint County Park Board v. Stegemoller, 228 Ind. 103, 88 N.E.2d 686.

3. Section 3–1701 et seq., Burns' Indiana Ann.Stats.1951 Replacement.

the property was taken prior to the assessment and payment of compensation.

Mr. Chief Justice White, in discussing rights essential to be afforded in order to justify the taking of private property for public use, said: "Indisputably the duty to make compensation does not inflexibly, in the absence of constitutional provisions requiring it, exact, first, that compensation should be made previous to the taking—that is, that the amount should be ascertained and paid in advance of the appropriation—it being sufficient, having relation to the nature and character of the property taken, that adequate means be provided for a reasonably just and prompt ascertainment and payment of the compensation; * * *." Crozier v. Fried. Krupp Aktiengesellschaft, 224 U.S. 290, 306, 32 S.Ct. 488, 492, 56 L.Ed. 771.

■ In the action commenced in the Circuit Court of Ripley County, the land is being condemned for the purpose of transfer to the State for park purposes. The title to the property to be taken does not pass to the Park Board until just compensation is paid, Joint County Park Board v. Stegemoller, 228 Ind. 103, 116, 88 N.E. 2d 686, 691. It is only when the compensation is paid that possession may be taken for the uses stated in the complaint. The Board may only protect and preserve the land, and the damages incident to preserving the land are guarded against by the donation of money and the credit of the Joint County Park Board. In this situation we think that plaintiff's contention that the Act deprives her of her property without just compensation is not sound.

Authority may be found for our conclusion by what has been said by courts which have dealt with situations much like the one here presented for our consideration. In Cherokee Nation v. Southern Kansas Railway Co., 135 U.S. 641, 659, 660, 10 S.Ct. 965, 34 L.Ed. 295, the Supreme Court was faced with the problem of a statute that allowed the condemnor to enter on the land during the condemnation proceedings on depositing double the amount of the appraised value. A procedure for the determination of just compensation was provided by trial and judgment, and title was retained by the landowner until just compensation was actually paid. It was held that since the title did not pass until compensation was actually made to the owner, plaintiff's apprehension that it might lose its property without receiving just compensation was without foundation.

In Bauman v. Ross, 167 U.S. 548, 598, 17 S.Ct. 966, 985, 42 L.Ed. 270, a landowner complained that the provisions of a statute establishing a public highway interfered with his rights to just compensation. It was contended that the Act was unconstitutional because it included a provision "that if the court enters judgment of condemnation * * * and appropriation for the * * * award of damages is not made by Congress, after being six months in session, 'the proceedings shall be void and the land shall revert to the owners,' * * *." The Court, however, said: "The payment of the damages to the owner of the land and the vesting of the title in the United States are to be contemporaneous. The Constitution does not require the damages to be actually paid at any earlier time; * * *." And it held that there was nothing in the Act inconsistent with the Constitution. See also Bragg v. Weaver, 251 U.S. 57, 62, 40 S.Ct. 62, 64 L.Ed. 135.

■■ Another point raised by plaintiff is that the Act permits defendant to maintain its action for condemnation without the pledging of the public credit of defendant or of the State for the payment of just compensation. But here there is no intention under the Eminent Domain Act to substitute any judgment for payment of any award that might be entered in the condemnation proceeding and force the plaintiff to pursue her remedy by execution. Hence it will be enough to say that there is no merit to this contention when title is retained by the landowner until just compensation is paid. "All that is essential is that in some appropriate way, before some properly constituted tribunal, inquiry shall be made as to the amount of compensation, and, when this has been provided, there is that due process of law which is required

by the Federal Constitution." Backus v. Fort Street Union Depot Co., 169 U.S. 557, 569, 18 S.Ct. 445, 450, 42 L.Ed. 853. See also and compare Albert Hanson Lumber Co. v. United States, 261 U.S. 581, 587, 43 S.Ct. 442, 67 L.Ed. 809; Suncrest Lumber Co. v. North Carolina Park Commission, D. C., 30 F.2d 121; Oakland Club v. South Carolina Public Service Authority, 4 Cir., 110 F.2d 84; and Howard v. Illinois Central Railroad Co., 7 Cir., 64 F.2d 267.

Judgment affirmed.