PENROD ET AL. *v.* HOOVER ET AL.

[No. 19,111. Filed December 18, 1957. Rehearing denied January 24, 1958. Transfer denied March 11, 1958.]

 

*Donald J. Bolinger,* of Kokomo, for appellants.

*J. A. Bruggeman* and *Barrett, Barrett & McNagny,* of Ft. Wayne, for appellees.

ROYSE, P. J.—Appellants brought this action against appellees as members of the Board of School Trustees of the North Manchester-Chester Township Schools, to enjoin them from proceeding with their construction until an election is had to deconsolidate the school district pursuant to statute.

The trial court sustained appellees' demurrer to appellants' amended petition for a temporary injunction on the grounds it did not state facts sufficient to constitute a cause of action. Appellants refused to plead over and judgment was rendered against them for costs.[1]

The complaint, in substance, avers that plaintiffs are taxpayers and patrons of the purported school consolidation of Wabash County; that the individual appellees, as the purported Board of Trustees, have illegally taken charge of said township schools consolidation; that said appellees, as said purported Board, are threatening to, have started proceedings, and are negotiating to employ an architect, obtain bids for the construction of a school building at the estimated cost of $1,400,000 to $2,000,000, to lease a school building from a holding corporation of the purported consolidation, to purchase land and otherwise incur additional expense for the purpose of building or causing to be built additional buildings, etc.; that unless enjoined appellees will do the foregoing things to the detriment of appellant-taxpayers.

---

1. This appeal was originally filed in the Supreme Court. On October 14, 1957 that Court, by its order, transferred the case to us on the grounds all issues in the case had been finally adjudicated.

It then alleges an emergency exists and they have no adequate remedy at law.

It is then averred that appellees Hoover, Gable and Watson were not appointed as such trustees in accordance with the provisions of the law because they, while serving as members of the Advisory Board of Chester Township, did appoint themselves as such school trustees; that the appellees Holl, Warner and Wing were not appointed to such Board of School Trustees in accord with the law, in that they were appointed by a purported Town Board of North Manchester when, at the time of such appointment, North Manchester was not a Town but was a city of the Fifth Class under the statutes and by reason of the 1940 census; that the failure of North Manchester to elect city officials in 1943 and 1947 invalidates all acts of the purported Town Board.

It is further alleged that a petition signed by more than 40% of the legal voters in Chester Township outside the City of North Manchester for the purpose of considering the question of dissolving the purported North Manchester-Chester Schools Consolidation, has been filed pursuant to the Acts of 1927, chapter 106, p. 281.

In the memorandum supporting their demurrer appellees say, in substance, the complaint must show on its face that under no conceivable state of facts is the proposed action proper because all presumptions are in favor of the validity of the contemplated official action; that the allegation that appellees Hoover, Gable and Watson were not properly appointed is immaterial because the complaint shows on its face they are acting as *de facto* officers and as such not subject to collateral attack. They say the same rule applies to appellees Holl, Warner and Wing.

They also say the complaint shows on its face that

the Town of North Manchester was at least a *de facto* town and therefore its existence as such is not subject to collateral attack; that the Acts of the Legislature relied on by appellants were repealed by chapter 58, Acts 1951, page 136; that the allegation that the consolidation was invalid because certain persons voted improperly in Chester Township was immaterial because the validity of an election could not be contested in such a collateral manner; that the allegation that appellants have requested the appellee School Board to call an election to dissolve "the purported North Manchester-Chester Township Schools Consolidation" upon the petition of more than 40% of the legal voters is legally insufficient because the statutes do not provide for the deconsolidation of school corporations once they have been formed; that the provisions of the Acts of 1927 upon which appellants rely do not apply because under the Acts of 1951 the Town of North Manchester is not a city of the Fifth Class; that the 1927 statute provided only for the dissolving of the schools which had been consolidated under the provisions of the law then existing.

Appellants, in the argument portion of their brief seeking a reversal of the judgment herein, make the following contentions:

(1) It is the fundamental law of this state that no individual shall be permitted to hold more than one remunerative office at the same time; that no individual shall be permitted, while holding public office vested with power of appointment, to appoint himself to such an office; that therefore the appointment of the appellees Hoover, Gable and Watson to the School Board of the School Consolidation was illegal and void and they say this principle is so well established that it is not necessary to cite authorities in support of their contention.

(2) They say that if it had not been for the illegal votes cast in the election held to determine whether Chester Township and North Manchester should have been consolidated, there would not have been sufficient votes to effect such consolidation, citing: *State ex rel. Harris, etc. et al.* v. *Mutschler et al.* (1953), 232 Ind. 580, 115 N. E. 2d 206.

(3) That under the Acts of 1949 and prior Acts, North Manchester was a city of the Fifth Class because, according to the 1940 and 1950 census it had a population in excess of 3,000 and its status as such was not changed by the Acts of 1951.

(4) That under the provisions of the Act of 1927 the School Corporation should have called an election to determine the question of dissolving the School Consolidation.

We believe the complaint herein shows that the appellees Hoover, Gable and Watson were claiming the office of Trustee of the School Consolidation, were in possession of the office and performing its duties, and under such circumstances they were at least *de facto* officers and their acts cannot be attacked in an action of this kind. *Mullikin* v. *The City of Bloomington* (1880), 72 Ind. 161; *Felker et al.* v. *Caldwell* (1919), 188 Ind. 364, 123 N. E. 794, and authorities there cited; *Joint County Park Board, etc.* v. *Stegemoller et al.* (1949), 228 Ind. 103, 88 N. E. 2d 686, 89 N. E. 2d 720. See also, *State, P. R. R. Co. et al.* v. *Iroquois Conservancy District Court* (1956), 235 Ind. 353, 133 N. E. 2d 848, footnote 10, p. 855.

Appellants, in the argument portion of their brief, have not asserted any argument as to the appointment of Appellees Holl, Warner, Wing and Schilling. Therefore, the question of their membership on said Board is waived.

We do not believe there is merit to appellants' contention in reference to the counting of improper votes at the election on the question of the consolidation. The case of *State ex rel. Harris, etc. et al.* v. *Mutschler, supra,* relied on by appellants, has no application here. That was an action in *quo warranto.* The determination of such question cannot be collaterally attacked. However, even if it could, as heretofore indicated, the Consolidation was at least a *de facto* consolidation. *Joint County Park Board, etc.* v. *Stegemoller et al., supra,* p. 114.

We next proceed to the contention of appellants that under the Act of 1949 and prior Acts, North Manchester was a city of the Fifth Class.

The Acts of 1933, ch. 233, p. 1042, §1, §48-1201, Burns' 1933, provided as follows:

> "Cities having a population of three thousand or over and less than ten thousand[,] according to the last preceding United States census, shall be denominated cities of the fifth class."

Sec. 23 of the above Act, being §48-1237, Burns' 1950 Repl., provided as follows:

> " 'Civil city' and 'city' defined.—Wherever the term 'Civil city' or 'city' is used in this act it shall be deemed to include not only the civil city but also any park, utility, sanitary of [or] health district or separate city or any other district or separate city as now or hereafter provided by law."

The Acts of 1935, ch. 97, §1, p. 296, provided as follows:

> "Cities having a population of two thousand or over and less than ten thousand, according to the last preceding United States census, shall be denominated cities of the Fifth Class."

The Acts of 1949, ch. 195, §1, p. 656; §48-1201, Burns' 1950 Repl., provides as follows:

"All municipal corporations whatsoever having a population of two thousand (2,000) or over and less than ten thousand (10,000), according to the last preceding United States census, are hereby declared to be cities of the fifth class."

Acts 1905, ch. 129, §38, p. 219; §48-1001, Burns' 1950 Repl., provides:

". . . That if it shall appear to such Board of Trustees by the last census of this state or of the United States, or by any enumeration made by the order of such board of trustees within two [2] years after the filing of such petition, that such town has two thousand five hundred [2,500] inhabitants, such board of trustees shall be at liberty to proceed in all respects as if such census had been taken in the manner provided by this act. Such marshal or other officer, with the concurrence of such board, may appoint assistants, and shall, within thirty [30] days from the time of receiving such order, make full return, under oath, to such board of the resident population of such town. If the return shows a population of two thousand [2,000] persons or more, the trustees, within ten [10] days thereafter shall publish a notice to the voters as in case of other town elections, stating that, on a day named, an election will be held in the several precincts of the town to determine whether the same shall be incorporated as a city. . . ."

Acts 1951, ch. 58, §1, p. 136; §48-1010, Burns' 1950 Repl. (1957 Pocket Supplement), provides:

"Regardless of the official population or census no incorporated civil town in the state of Indiana shall be or become an incorporated civil city or any classification except by petition and election by the resident voters thereof as provided by law."

"Repeal. Section 2 of Acts 1951, ch. 58, repealed all laws and parts of laws in conflict therewith."

In their original brief appellants say:

"It is conceded by appellants that Section 48-1201 does not set out in the terms of the act itself, the procedure that a municipal corporation shall follow

in adopting the city form of government. It is further conceded by appellants that there must be sufficient means for the enforcement of an act, or the act will fail for lack of proper procedure. Appellants submit that the proper procedure for the adoption of a city form of government by North Manchester was to hold a city election, wherein it was found and alleged by the appellants that North Manchester had a population in the excess of 3,000 people. North Manchester was under a duty, and should have held city elections in 1943, adopting the fifth class city form of government. They also had opportunities in 1947 and 1951 to adopt the Fifth Class City form of government."

Conceding, without by any means deciding, that the Town of North Manchester was included in the definition of a city, §48-1237, Burns', *supra*, it is undisputed that no election was held.

Chapter 26 of the Acts of 1933 provided for the repeal of laws and parts of laws in conflict with its provisions. No provision was made in either ch. 233 of the Acts of 1933, or ch. 97 of the Acts of 1935 for the procedure a town should follow to become a city. Therefore, it seems to us the above quoted provision of Acts 1905 are not repealed. Section 2 of said Act, §48-1002, Burns' 1950 Repl., provides, in substance, that if a majority of the voters of the town determines it is to become an incorporated city, the election inspectors shall certify that fact to the Clerk of the Circuit Court of the County in which the town is located and the Clerk of said Court shall make a record of such return in the civil order book and such town shall thereafter be deemed an incorporated city, and it further provides such record shall be held in all courts as conclusive evidence of such incorporation.

However, if the foregoing reasoning is not appli-

cable to the question we are now considering, it is conceded by appellant that before the change could be made there had to be a city election. No election was held. Therefore, North Manchester remained a town. This being true, the provisions of §48-1010, *supra,* are controlling.

It necessarily follows that the provisions of §§28-1259, 28-1263, Burns' 1948 Repl., in reference to the dissolution of Consolidated School systems of a township and a fifth class city are not controlling in this case.

Judgment affirmed.

NOTE.—Reported in 146 N. E. 2d 817.